IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARLE E. BRAMHALL,<br><br>　　　　　　Plaintiff,<br>v.<br>CYPRUS CREDIT UNION et al,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-477<br><br>Chief Judge Robert J. Shelby |

This matter is before the court on two separate motions seeking dismissal of Plaintiff Earle E. Bramhall's Complaint.[1] Defendants Cyprus Credit Union and Brooke Bennion (collectively, Cyprus Defendants) move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Cyprus Defendants' Motion to Dismiss).[2] Defendants Salt Lake County District Attorney's Office, Simarjit S. Gill, Melanie M. Serassio, Steven C. Gibbon, Nathanial J. Sanders, Robert N. Parrish, Nathan J. Evershed, Chou Chou Collins, Thomas V. Lopresto II, and Craig Stanger (collectively, County Defendants) also filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) (County Defendants' Motion to Dismiss).[3] After the Cyprus Defendants and County Defendants filed their Motions to Dismiss, Plaintiff filed an Amended Complaint.[4] In response, County Defendants filed a Reply Memorandum which included a Motion to Strike Plaintiff's Amended Complaint (Motion to Strike).[5] For the reasons discussed below, the court DENIES AS MOOT Cyprus Defendants'

---

[1] Dkt. 3.

[2] Dkt. 23.

[3] Dkt. 26. Defendants Christina P. Ortega, Gregory N. Ferbrache, and Jared N. Parrish, while named in the Complaint as current or former Deputy District Attorneys, have not been properly served as further discussed herein.

[4] Dkt. 29.

[5] Dkt. 35.

Motion to Dismiss and County Defendants' Motion to Dismiss and DENIES County Defendants' Motion to Strike.

## BACKGROUND

On July 10, 2019, Plaintiff filed a Complaint against Cyprus Defendants and County Defendants, asserting claims pursuant to 42 U.S.C. § 1985 and § 1983, and a claim for defamation.[6] Cyprus Defendants' Motion to Dismiss was filed on August 19, 2019,[7] and County Defendants' Motion to Dismiss was filed two days later.[8] On September 9, 2019, Plaintiff filed an Amended Complaint,[9] incorporating a new claim for negligent hiring and additional factual allegations for the existing claims. On September 13, 2019, Plaintiff also filed a combined "Response to the Motions to Dismiss."[10] Thereafter, Cyprus Defendants and County Defendants filed separate Reply Memoranda.[11]

In their Reply Memorandum, County Defendants included a Motion to Strike, arguing the Amended Complaint was improperly filed without leave of court.[12] Cyprus Defendants also request in their Reply Memorandum that the Amended Complaint be stricken as procedurally improper.[13] In response, Plaintiff filed a "Reply to Motions to Dismiss Amended Complaint,"

---

[6] *See* dkt. 3.

[7] Dkt. 23.

[8] Dkt. 26.

[9] Dkt. 29.

[10] Dkt. 31. Plaintiff improperly filed an overlength "Response to the Motions to Dismiss," dkt. 31, consisting of 31 pages without leave of court. The page limitation for a memorandum opposing a motion made pursuant to Federal Rule of Civil Procedure 12(b) is 25 pages. DUCivR 7-1(b)(2)(A). The court reminds Plaintiff that "[i]f a motion or memorandum is to exceed the page or word limitations set forth in [DUCivR 7-1], leave of court must be obtained" and that "[a]n overlength motion or memorandum must not be filed with the clerk prior to entry of an order authorizing its filing." DUCivR 7-1(e). To obtain authorization, a party must file a motion for leave to file an overlength motion or memorandum, which will be approved only "for good cause and a showing of exceptional circumstances that justify the need for an extension of the specified page or word-count limitations." *Id.*

[11] Dkt. 32; dkt. 35.

[12] Dkt. 35 at 5.

[13] Dkt. 32 at 2.

arguing the Amended Complaint was properly filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[14]

## ANALYSIS

### I. Plaintiff's Complaint was improperly served on certain Defendants.

As an initial matter, the court notes Plaintiff's original Complaint was not properly served on Defendants Christina P. Ortega, Gregory N. Ferbrache, and Jared N. Parrish. Plaintiff's attempt at serving these defendants does not comply with the requirements of Federal Rule of Civil Procedure 4(e) for service on an individual. Rule 4(e) provides that service may be made on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff's attempt to serve these defendants by leaving a copy of the summons and Complaint at the Salt Lake County Clerk's Office[15] was improper because it is not an approved method of service pursuant to Rule 4(e). Accordingly, the court hereby ORDERS Plaintiff

---

[14] Dkt. 36 at 3–4. Plaintiff's "Reply to Motion to Dismiss Amended Complaint" appears to be an improper sur-reply filed without leave of court. The only memoranda permitted regarding a motion made pursuant to Rule 12(b) is a memorandum in opposition and a reply memorandum. *See* DUCivR 7-1(b)(2)(A). Local Rule 7-1 makes clear that "[n]o additional memoranda will be considered without leave of court." *Id.* Plaintiff was thus not permitted to file an additional reply memorandum in response to County Defendants' and Cyprus Defendants' Reply Memoranda without court authorization to file a sur-reply. The court will nonetheless consider Plaintiff's arguments therein relating to the Amended Complaint, given that Plaintiff would have been permitted to file an opposition to County Defendants' Motion to Strike.

[15] *See* dkt. 20-3, dkt. 20-7, dkt. 20-8.

within fourteen (14) days to show cause why Defendants Christina P. Ortega, Gregory N. Ferbrache, and Jared N. Parrish should not be dismissed for failure to effect service of process.

**II. Plaintiff's Amended Complaint was properly filed pursuant to Rule 15(a)(1)(B).**

County Defendants argue Plaintiff's Amended Complaint is procedurally improper because Plaintiff failed to obtain permission from the court or from defendants to amend his Complaint as required by Federal Rule of Civil Procedure 15(a)(2).[16] Cyprus Defendants also assert Plaintiff's Amended Complaint is procedurally improper, but do not provide any reasons or further explanation for this assertion.[17] Plaintiff responds that his Amended Complaint was not filed pursuant to Rule 15(a)(2), but rather pursuant to Rule 15(a)(1), which permits filing of an amended complaint within 21 days of service of a responsive pleading without requiring the filer to seek leave of court.[18]

Rule 15(a)(1) states that a party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.[19]

Here, Plaintiff complied with the requirements of Rule 15(a)(1)(B). Plaintiff filed his Amended Complaint within 21 days after service of both Motions to Dismiss, which were motions under Rule 12(b). While amendment as a matter of course is permitted only once, Plaintiff had not previously amended his Complaint in this case. Unlike amendments under Rule 15(a)(2), amendments under Rule 15(a)(1) do not require the opposing party's written consent or the

---

[16] Dkt. 35 at 5.

[17] Dkt. 32 at 2.

[18] Dkt. 36.

[19] Fed. R. Civ. P. 15(a)(1).

court's leave. Therefore, contrary to County Defendants' and Cyprus Defendants' assertions, Plaintiff properly filed his Amended Complaint pursuant to Rule 15(a)(1)(B). The Amended Complaint[20] is therefore deemed filed as of the date of this Order.

### III. County Defendants' Motion to Dismiss and Cyprus Defendants' Motion to Dismiss are moot.

As explained above, Plaintiff's Amended Complaint was properly filed pursuant to Rule 15(a)(1)(B) and is therefore now the operative pleading in this case. Because Plaintiff's original Complaint is no longer operative, County Defendants' Motion to Dismiss and Cyprus Defendants' Motion to Dismiss directed at the original Complaint are now moot. The court therefore DENIES the Motions to Dismiss[21] as MOOT. County Defendants and Cyprus Defendants may file new motions to dismiss in response to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

### IV. County Defendants' and Cyprus Defendants' requests to strike or dismiss the Amended Complaint are procedurally improper.

In their Reply Memorandum in support of their Motion to Dismiss, County Defendants purport to include a Motion to Strike Amended Complaint.[22] Cyprus Defendants also included a request to strike the Amended Complaint in their Reply Memorandum.[23] In addition, County Defendants and Cyprus Defendants both included requests to dismiss the Amended Complaint as futile in their Reply Memoranda.[24] These requests are procedurally improper. Local Rule 7-1(b)(1)(A) states that "[n]o motion . . . may be included in a response or reply

---

[20] Dkt. 29.

[21] Dkt. 23; dkt. 26.

[22] *See* dkt. 35.

[23] Dkt. 32.

[24] Dkt. 32 at 8; dkt. 35 at 5–6.

5

memorandum" and that "[s]uch motions must be made in a separate document."[25] Thus, County Defendants and Cyprus Defendants were not permitted to include motions to strike or motions to dismiss in their Reply Memoranda. The court therefore DENIES County Defendants' Motion to Strike[26] and any other purported motions by County Defendants and Cyprus Defendants included in their Reply Memoranda as procedurally improper.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff must show cause within fourteen (14) days why Defendants Christina P. Ortega, Gregory N. Ferbrache, and Jared N. Parrish should not be dismissed for failure to effect service of process;

2. Cyprus Defendants' Motion to Dismiss[27] and County Defendants' Motion to Dismiss[28] are DENIED as MOOT; and

3. County Defendants' Motion to Strike[29] is DENIED.

**DATED** this 16th day of March, 2020.

BY THE COURT:

_____
Robert J. Shelby
United States Chief District Judge

---

[25] DUCivR 7-1(b)(1)(A).

[26] Dkt. 35.

[27] Dkt. 23.

[28] Dkt. 26.

[29] Dkt. 35.