IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EARLE E. BRAMHALL,<br><br>Plaintiff,<br><br>v.<br><br>CYPRUS CREDIT UNION, BROOKE BENNION, SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE, SIMARJIT S. GILL, ROBERT N. PARRISH, MELANIE M. SERASSIO, STEVEN C. GIBBONS, NATHANIEL J. SANDERS, CHRISTINA P. ORTEGA, NATHAN J. EVERSHED, GREGORY N. FERBRACHE, JARED N. PARRISH, CHOU CHOU COLLINS, THOMAS V. LOPRESTO, II, CRAIG STANGER, and JARED W. RASBAND,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING COUNTY DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION TO DISMISS (DOC. NO. 65)**<br><br>Case No. 2:19-cv-00477-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court[1] is the County Defendants' Motion for Enlargement of Time to File Motion to Dismiss (Doc. No. 65). Defendants Simarjit S. Gill, Melanie M. Serassio, Steven C. Gibbon, Nathaniel J. Sanders, Robert N. Parrish, Nathan J. Evershed, Chou Chou Collins, Thomas V. Lopresto II, Craig Stanger, Jared W. Rasband, and Salt Lake County District Attorney's Office ("County Defendants") seek leave to file a motion to dismiss Plaintiff Earle E.

---

[1] District Judge Robert J. Shelby referred this case to Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B) on August 7, 2019. (Doc. No. 19.) After being reassigned to several other magistrate judges, the case was reassigned to the undersigned magistrate judge on June 8, 2020. (Doc. No. 76.)

1

Bramhall's Amended Complaint (Doc. No. 29) after the deadline to do so has passed.  For the reasons set forth below, the court GRANTS the County Defendants' motion.

## PROCEDURAL HISTORY

In 2018, Mr. Bramhall filed a civil rights complaint in the United States District Court for the District of Utah, Case No. 2:18-cv-00438-DB, asserting claims against many of the same County Defendants named in this case.  (*See Bramhall v. West Valley City Police Dep't* ("*Bramhall I*"), No. 2:18-cv-00438-DB, Doc. No. 4.)  The County Defendants filed a motion to dismiss that complaint, which was granted in February 2019.  (*Bramhall I*, Doc. Nos. 93 & 130.)  Mr. Bramhall moved for leave to amend his complaint and, while that motion was pending, appealed the order dismissing his original complaint to the Tenth Circuit.  (*Bramhall I*, Doc. Nos. 132 & 138.)  The Tenth Circuit dismissed the appeal for lack of jurisdiction in March 2020.  (*See Bramhall I*, Doc. No. 150.)

However, while the appeal was still pending, on July 10, 2019, Mr. Bramhall filed this second action asserting similar claims against the County Defendants.  (Compl., Doc. No. 3.)  The County Defendants moved to dismiss the complaint on August 21, 2019.  (Cnty. Defs.' Mot. to Dismiss, Doc. No. 26.)  Mr. Bramhall then filed an amended complaint on September 9, 2019.  (Am. Compl., Doc. No. 29.)  The County Defendants filed a reply in support of their motion to dismiss, which included a motion to strike the amended complaint.  (Cnty. Defs.' Reply to Pl.'s Opp'n and Mot. to Strike Am. Compl., Doc. No. 35.)

On March 16, 2020, the district judge issued an order denying as moot the County Defendants' motion to dismiss the original complaint and denying their motion to strike the amended complaint.  (Mem. Dec. and Order 1–2, 5–6, Doc. No. 43.)  The order stated that the "County Defendants . . . may file [a] new motion[] to dismiss in response to the Amended

Complaint in accordance with the Federal Rules of Civil Procedure." (*Id.* at 5.) The order deemed the amended complaint filed as of the date of the order—March 16, 2020. (*Id.*) The County Defendants failed to file a new motion to dismiss within fourteen days of the order as required under the Federal Rules of Civil Procedure, or at any time thereafter. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

On May 15, 2020, the County Defendants filed the instant motion requesting leave to file a renewed motion to dismiss, attached as Exhibit A (Doc. No. 65-1) to their motion, after expiration of the deadline. (Cnty. Defs.' Mot. for Enlargement of Time to File Mot. to Dismiss and Supporting Mem. ("Mot.") 1, Doc. No. 65.) The County Defendants explain that they failed to timely file a renewed motion to dismiss due to disruptions caused by the COVID-19 pandemic. (*Id.* at 3–8.) According to the County Defendants, on March 16, 2020—the same day the district judge denied their motion to dismiss—Salt Lake County declared a state of emergency and the Salt Lake County District Attorney "drastically reduced the number of staff reporting to work each day." (*Id.* at 4.) Around the same time, they assert, their counsel was required to self-quarantine and work remotely due to potential COVID-19 exposure. (*Id.*) They also assert that their counsel's workload significantly increased due to her involvement in various aspects of Salt Lake County's COVID-19 response; she was responsible for drafting seven public health orders between March 16 and May 7 and for responding to pandemic-related litigation. (*Id.* at 5–6.) The County Defendants explain that, due to these circumstances beyond their control, their counsel and her staff "overlooked the need to calendar a deadline to file a new

motion or other response." (*Id.* at 5.)  Consequently, they failed to timely respond to the amended complaint.

Mr. Bramhall filed an opposition brief arguing the County Defendants' motion should be denied because it is not supported by an affidavit and because the circumstances described in the motion do not constitute excusable neglect.  (Mem. in Opp'n to Cnty. Defs.' Mot. for Enlargement of Time to File Mot. to Dismiss and Supporting Mem. ("Opp'n") 2–3, 6–9, Doc. No. 74.)  Mr. Bramhall also argues the County Defendants' counsel acted in bad faith by mailing the motion to him six days after filing it rather than mailing it contemporaneously.  (*Id.* at 5, 8–9.)

The County Defendants filed a reply supported by declarations from their counsel's paralegals and office manager explaining the reasons for the delay in mailing the motion to Mr. Bramhall.  (Cnty. Defs.' Reply Regarding Mot. for Enlargement of Time to File Mot. to Dismiss and Supporting Mem. ("Reply"), Doc. No. 78; Decl. of Iris Pittman, Doc. No. 78-2; Decl. of Taylor Casanova, Doc. No. 78-3; Decl. of Deana Stith, Doc. No. 78-4.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline for "good cause."  If the motion for extension is made after the deadline has passed, the court must also determine "if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits."  *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

Good cause "requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'"  *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. Feb. 3, 2017) (unpublished) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771

F.3d 1230, 1240 (10th Cir. 2014)).  "Excusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'"  *Id.* at 700 (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996)).

## **DISCUSSION**

The court finds the County Defendants have shown good cause to extend the deadline to file a renewed motion to dismiss and have shown they failed to act because of excusable neglect.  This justifies their request for leave to file a renewed motion to dismiss after the deadline.  As set forth in their motion, the County Defendants have diligently defended against Mr. Bramhall's claims for years, both in this case and in the prior case with substantially similar allegations filed in 2018.  (Mot. 2–3, Doc. No. 65.)  The County Defendants filed a motion to dismiss the complaint in the prior case.  (*Bramhall I*, No. 2:18-cv-00438-DB, Doc. No. 93.)  When Mr. Bramhall filed this second action while the appeal in the prior case remained pending, the County Defendants again moved to dismiss Mr. Bramhall's complaint.  (Cnty. Defs.' Mot. to Dismiss, Doc. No. 26.)  When Mr. Bramhall then filed his amended complaint while the motion to dismiss was pending, the County Defendants moved to strike it.  (Cnty. Defs.' Reply to Pl.'s Opp'n and Mot. to Strike Am. Compl., Doc. No. 35).  Thus, the County Defendants have diligently responded to Mr. Bramhall's various pleadings throughout the course of the litigation up to this point.

Moreover, the County Defendants have shown that the deadline to file a renewed motion to dismiss was missed inadvertently due to disruptions caused by the COVID-19 pandemic.  The district judge issued the March 16, 2020 order triggering the filing deadline on the same day a state of emergency was declared and the County Defendants' counsel's office "drastically

5

reduced the number of staff reporting to work each day" due to the COVID-19 pandemic.  (Mot. 4, Doc. No. 65.)  These events were beyond the County Defendants' control and, as described in their motion, significantly disrupted their counsel's work routine.  (*Id.* at 7.)  At the same time, counsel was faced with an increased workload which included drafting seven public health orders between March 16 and May 7.  (*Id.* at 5-6.)  The court finds these circumstances constitute a "reasonable basis for noncompliance within the time specified," *Utah Republican Party*, 678 F. App'x at 700 (internal quotation marks omitted), and that counsel acted in good faith by filing this motion seeking an extension of time to file the renewed motion to dismiss.

The court rejects Mr. Bramhall's argument that the motion must be denied because it is not supported by an affidavit or declaration.  The motion contained "a recitation of relevant facts, supporting authority, and argument" as required under DUCivR 7-1(a)(1)(B).  The motion is adequately supported by citations to the record in this case and the prior related case, by reference to public health orders, and by the County Defendants' counsel's representations regarding the impact of the COVID-19 pandemic on her work.  Furthermore, the motion is signed by counsel, indicating that "the factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).  Motions for extensions of time are routinely granted without supporting affidavits or declarations.

Likewise, the six-day delay in mailing the motion to Mr. Bramhall is no basis to deny the motion.  The declarations submitted by the County Defendants show the delay was inadvertent and occurred because of telework and reduced staffing as a result of the COVID-19 pandemic.  (*See* Decl. of Iris Pittman ¶¶ 4-6, Doc. No. 78-2 (explaining that she electronically filed the motion while working from home but did not have the materials to mail it, and so she asked a coworker to mail it the next morning); Decl. of Taylor Casanova ¶ 5, Doc. No. 78-3 (stating that

she placed a copy of the motion to be mailed to Mr. Bramhall in the outgoing mailbox the day after it was filed); Decl. of Deana Stith ¶ 6, Doc. No. 78-4 (explaining that outgoing mail was being picked up only once per week at the time "due to COVID-related staffing").) There is no evidence of bad faith or intentional delay, as Mr. Bramhall asserts. Furthermore, Mr. Bramhall suffered no prejudice by the delay in mailing the motion. He ultimately received the motion and filed an opposition, which the court has reviewed and considered.

On these grounds, the court finds the County Defendants have demonstrated that they missed the filing deadline due to excusable neglect. Given the County Defendants' prior diligence in defending against Mr. Bramhall's claims and the disruptions caused by the pandemic, the court finds also good cause to extend the deadline for filing a renewed motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS the County Defendants' Motion for Enlargement of Time to File Motion to Dismiss (Doc. No. 65). The County Defendants shall file the motion to dismiss attached as Exhibit A (Doc. No. 65-1) to their motion within seven (7) days of the date of this order. After the motion to dismiss is served on Mr. Bramhall, he will have twenty-eight (28) days to file a response to the motion, *see* DUCivR 7-1(b)(3)(A), that conforms with the requirements of DUCivR 7-1(b)(2)(A), along with three additional days for mailing. *See* Fed. R. Civ. P. 6(d). The County Defendants may also file a reply in accordance with the local rules.

DATED this 11th day of August, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge