IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EARLE E. BRAMHALL,<br><br>Plaintiff,<br><br>v.<br><br>CYPRUS CREDIT UNION, BROOKE BENNION, SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE, SIMARJIT S. GILL, ROBERT N. PARRISH, MELANIE M. SERASSIO, STEVEN C. GIBBONS, NATHANIEL J. SANDERS, CHRISTINA P. ORTEGA, NATHAN J. EVERSHED, GREGORY N. FERBRACHE, JARED N. PARRISH, CHOU CHOU COLLINS, THOMAS V. LOPRESTO, II, CRAIG STANGER, and JARED W. RASBAND,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER (1) GRANTING THE CYPRUS DEFENDANTS' MOTION TO EXTEND TIME (DOC. NO. 59); (2) DENYING PLAINTIFF'S MOTION TO STRIKE (DOC. NO. 56); AND (3) TERMINATING THE CYPRUS DEFENDANTS' MOTION TO DISMISS (DOC. NO. 49)**<br><br>Case No. 2:19-cv-00477-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court[1] are Defendants Cyprus Credit Union, Inc. and Brook Bennion's (the "Cyprus Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 49), the Cyprus Defendants' Motion to Extend Time (Doc. No. 59), and Plaintiff Earle E. Bramhall's Motion to Strike Cyprus' Motion to Dismiss First Amended Complaint (Doc. No. 56). After the Cyprus Defendants filed their motion to dismiss, Mr. Bramhall moved to strike it as untimely filed. (Pl.'s Mot. to Strike Cyprus' Mot. to Dismiss First Am. Compl. ("Mot. to Strike") 2–6,

---

[1] District Judge Robert J. Shelby referred this case to Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B) on August 7, 2019. (Doc. No. 19.) After being reassigned to several other magistrate judges, the case was reassigned to the undersigned magistrate judge on June 8, 2020. (Doc. No. 76.)

1

Doc. No. 56.) His opposition to the Cyprus Defendants' motion to dismiss also focused in large part on his argument that the motion should be stricken as untimely. (Mem. in Opp'n to Cyprus' Mot. to Dismiss First Am. Compl. ("Opp'n to Mot. to Dismiss") 2–6, 13–14, Doc. No. 58.) In response to Mr. Bramhall's filings, the Cyprus Defendants retroactively sought an extension of time in which to file their motion to dismiss. (Defs. Cyprus Credit Union, Inc. and Brooke Bennion's Mot. to Extend Time ("Mot. to Extend") 2–5, Doc. No. 59.)

For the reasons set forth below, the court GRANTS the Cyprus Defendants' Motion to Extend Time (Doc. No. 59); DENIES Mr. Bramhall's Motion to Strike the Motion to Dismiss (Doc. No. 56); TERMINATES the Cyprus Defendants' Motion to Dismiss (Doc. No. 49); and instructs the Cyprus Defendants to refile their motion to dismiss within seven (7) days of the date of this order and Mr. Bramhall to respond to that motion focusing on the substantive arguments raised.

## PROCEDURAL HISTORY

In 2018, Mr. Bramhall filed a civil rights complaint in the United States District Court for the District of Utah, Case No. 2:18-cv-00438-DB, asserting claims against the same Cyprus Defendants named in this case. (*See Bramhall v. West Valley City Police Dep't* ("*Bramhall I*"), No. 2:18-cv-00438-DB, Doc. No. 4.) The Cyprus Defendants filed a motion to dismiss Mr. Bramhall's claims against them, which was granted in February 2019. (*Bramhall I*, Doc. Nos. 74 & 130.) Mr. Bramhall moved for leave to amend his complaint and, while that motion was pending, appealed the dismissal order to the Tenth Circuit. (*Bramhall I*, Doc. Nos. 132 & 138.) The Tenth Circuit dismissed the appeal for lack of jurisdiction in March 2020. (*See Bramhall I*, Doc. No. 150.)

While the appeal was still pending, Mr. Bramhall filed this second action on July 10, 2019, asserting similar claims against the Cyprus Defendants. (Compl., Doc. No. 3.) The Cyprus Defendants moved to dismiss the complaint on August 19, 2019. (Defs. Cyprus Credit Union, Inc. and Brooke Bennion's Mot. to Dismiss, Doc. No. 23.) Mr. Bramhall then filed an amended complaint on September 9, 2019. (Am. Compl., Doc. No. 29.) The Cyprus Defendants filed a reply in support of their motion to dismiss which also requested that the amended complaint be stricken. (Defs. Cyprus Credit Union, Inc. and Brooke Bennion's Reply in Support of Dismissal 8, Doc. No. 32.)

On March 16, 2020, the district judge issued an order denying as moot the Cyprus Defendants' motion to dismiss the original complaint and denying their request to strike the amended complaint. (Mem. Dec. and Order 1–2, 5–6, Doc. No. 43.) The order stated that the "Cyprus Defendants . . . may file [a] new motion[] to dismiss in response to the Amended Complaint in accordance with the Federal Rules of Civil Procedure." (*Id.* at 5.) The order deemed the Amended Complaint filed as of the date of the order—March 16, 2020. (*Id.*) The Cyprus Defendants failed to file a new motion to dismiss within fourteen days of the order as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

However, two weeks after the deadline to do so, on April 13, 2020, the Cyprus Defendants filed a new motion to dismiss the amended complaint. (*See* Defs. Cyprus Credit Union, Inc. and Brooke Bennion's Mot. to Dismiss Pl.'s First Am. Compl. ("Mot. to Dismiss"), Doc. No. 49.) In response, Mr. Bramhall filed the pending motion to strike the motion to dismiss

3

as untimely. (Mot. to Strike 2–6, Doc. No. 56.) He also filed an opposition to the motion to dismiss, arguing in large part that it should be stricken as untimely. (Opp'n to Mot. to Dismiss 2–6, 13–14, Doc. No. 58.) Thereafter, on May 11, 2020, the Cyprus Defendants filed the pending motion to extend time, retroactively seeking an extension of time to file their motion to dismiss the amended complaint. (Mot. to Extend 2–5, Doc. No. 59.)

## DISCUSSION

The Cyprus Defendants assert that they filed the motion to dismiss two weeks late due to disruptions caused by the COVID-19 pandemic. (Defs. Cyprus Credit Union, Inc. and Brooke Bennion's Mot. to Extend Time ("Mot. to Extend") 2–5, Doc. No. 59.) The Cyprus Defendants explain that on March 17, 2020—the day after the district judge issued the order triggering the deadline to file the motion to dismiss—their counsel and counsel's staff "began transitioning to home offices, with disruption to normal operating procedures, including calendaring responses and coordination with clients and staff." (*Id.* at 4–5.) They contend that these circumstances caused them to inadvertently miss the filing deadline. (*Id.*) In response, Mr. Bramhall argues that the late filing was due to ignorance of civil procedure rather than the COVID-19 pandemic. (Mem. in Opp'n to Cyprus Defs.' Mot. to Extend 2–9, Doc. No. 66.)

Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline for "good cause." If the motion for extension is made after the deadline has passed, the court must also determine "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

Good cause "requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir.

4

Feb. 3, 2017) (unpublished) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "Excusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'" *Id.* at 700 (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996)).

The court finds the Cyprus Defendants have shown good cause to extend the deadline to file a motion to dismiss and have shown they failed to act because of excusable neglect. This justifies their filing of the motion to dismiss two weeks after the deadline. As described in the Cyprus Defendants' motion, the district judge's order triggering the deadline coincided with significant disruptions to their counsel's work routine due to the COVID-19 pandemic. (Mot. to Extend 4–5, Doc. No. 59.) The court finds these circumstances were beyond the Cyprus Defendants' control and constituted a reasonable basis for filing the motion two weeks late.

Moreover, as set forth above, the Cyprus Defendants have diligently defended against Mr. Bramhall's claims for years, both in this case and in the prior case with substantially similar allegations filed in 2018. (Mot. to Extend 2–3, 5, Doc. No. 59.) The Cyprus Defendants have moved to dismiss both the complaint in the prior case, (*Bramhall I*, No. 2:18-cv-00438-DB, Doc. No. 74), and the original complaint in this case. (Defs. Cyprus Credit Union, Inc. and Brooke Bennion's Mot. to Dismiss, Doc. No. 23.) Thus, the Cyprus Defendants have diligently responded to Mr. Bramhall's various pleadings throughout the course of the litigation up to this point, and the court finds no basis for Mr. Bramhall's argument that the late filing was due to ignorance of the rules of civil procedure.

For these reasons, the court finds the Cyprus Defendants have demonstrated that the late filing was due to excusable neglect and that good cause exists to extend the filing deadline. Accordingly, the court GRANTS the Cyprus Defendants' Motion to Extend Time (Doc. No. 59).

Based on the above finding, the court also DENIES Mr. Bramhall's motion to strike the motion to dismiss (Doc. No. 56). Mr. Bramhall's motion to strike is procedurally improper in any event, as there is no provision in the Federal Rules of Civil Procedure authorizing motions to strike other motions and memoranda. *See Searcy v. Soc. Sec. Admin.*, 956 F.2d 278 (table decision), 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. Mar. 2, 1992) (unpublished) (citing James Moore & Jo Desha Lucas, 2A Moore's Federal Practice ¶ 12.21 at 12–164 (Matthew Bender, 2d ed. 1991)); *see also* 2 Moore's Federal Practice, § 12.37[2] (Matthew Bender 3d ed. 2015).

While the court will not strike the motion to dismiss, the court finds the motion to dismiss should be terminated and refiled to allow for substantive briefing. Mr. Bramhall's prior opposition to the motion to dismiss focused in large part on the motion's untimeliness. (Mem. in Opp'n to Mot. to Dismiss 2–6, 13–14, Doc. No. 58.) The court deems it appropriate to allow Mr. Bramhall to file a new opposition responding substantively to the motion. Accordingly, the court TERMINATES the Cyprus Defendants' Motion to Dismiss First Amended Complaint (Doc. No. 49) and instructs the Cyprus Defendants to refile the motion to dismiss and Mr. Bramhall to file an opposition that focuses on the substantive arguments in the motion.

## CONCLUSION

For the foregoing reasons, the court GRANTS the Cyprus Defendants' Motion to Extend Time (Doc. No. 59); DENIES Mr. Bramhall's Motion to Strike the Motion to Dismiss (Doc. No. 56); and TERMINATES the Cyprus Defendants' Motion to Dismiss (Doc. No. 49). The Cyprus

Defendants shall refile the motion to dismiss at Doc. No. 49 within seven (7) days of the date of this order. After the motion to dismiss is served on Mr. Bramhall, he will have twenty-eight (28) days to file a response to the motion, *see* DUCivR 7-1(b)(3)(A), that conforms with the requirements of DUCivR 7-1(b)(2)(A), along with three additional days for mailing. *See* Fed. R. Civ. P. 6(d). The Cyprus Defendants may also file a reply in accordance with the local rules.

DATED this 11th day of August, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge