UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EARL E. BRAMHALL,<br><br>Plaintiff,<br><br>v.<br><br>SIMARJIT S. GILL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 108)**<br><br>Case No. 2:19-cv-00477<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court[1] is Plaintiff Earl E. Bramhall's Motion for Appointment of Counsel. ("Mot.," Doc. No. 108.) Mr. Bramhall has appeared pro se in this case and is proceeding *in forma pauperis*. In this motion, Mr. Bramhall asks the court to either appoint counsel or "reinstate Mr. Walter Wagner's status of Amicus Curiae to give plaintiff not representation but simply information, knowledge[,] and direction." (*Id.* at 1–2 (emphasis omitted).) For the reasons explained below, the motion is DENIED.

While defendants in criminal actions have a constitutional right to representation by an attorney (*see* U.S. Const. amend. VI; Fed. R. Crim. P. 44), "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request" that an attorney

---

[1] Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B) on August 7, 2019. (Doc. No. 19.) After being reassigned to several other magistrate judges, the case was reassigned to the undersigned magistrate judge on June 8, 2020. (Doc. No. 76.)

1

represent an indigent party. The decision to appoint counsel is within the discretion of the court. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). The applicant has the burden of convincing the court his or her claim has enough merit to justify the appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Mr. Bramhall has filed two prior requests to appoint counsel, (Doc. Nos. 44 & 103), which the court denied because he stated no reason for the requests other than he could not afford counsel. (*See* Order Den. Mot. for Appointment of Counsel, Doc. No. 81; Order Den. Mot for Appointment of Counsel, Doc. No. 106.) In the present motion, Mr. Bramhall argues he needs the assistance of counsel or Mr. Wagner because (1) he "has no person to confide in regarding information needed, whereas defendants have a multitude of counsel," and (2) he had surgery on his hand/arm on September 28, 2021, and will be in physical therapy for three months. (Mot. 1–2, Doc. No. 108.)

These arguments are insufficient to justify appointment of counsel in this case. The fact that the opposing party is represented by counsel is not a basis to appoint counsel in a civil case. Likewise, Mr. Bramhall has not shown his recent surgery renders him unable to present his claims. Indeed, he has filed several documents with the court, including this motion, since the date of his surgery. As for the other factors set forth above, the court is not persuaded that appointment of counsel is warranted based on the merits of Mr. Bramhall's claims, the nature of the factual issues, or the complexity of the legal issues in this case. All of Mr. Bramhall's claims

have been dismissed except for a single claim under 42 U.S.C. § 1983 against Defendant Simarjit Gill.  (*See* Order Sustaining in Part and Overruling in Part Pl.'s Objection to R&R, Doc. No. 102.)  This sole remaining claim is not so legally or factually complex as to warrant appointment of counsel.

The court also denies Mr. Bramhall's request to "reinstate" Mr. Wagner as amicus curiae.  In a prior related case, Mr. Wagner (who is not an attorney authorized to practice in Utah) was granted leave to file a brief as amicus curiae in support of Mr. Bramhall.  (Doc. No. 126, *Bramhall v. West Valley City Police Dep't (Bramhall I)*, No. 2:18-cv-00438 (D. Utah) (filed June 4, 2018).)  Since then, Mr. Wagner has been admonished in both the prior case and this case for unauthorized practice of law and providing improper assistance to Mr. Bramhall, including ghost-writing Mr. Bramhall's briefs.  (*See* Order Sustaining in Part and Overruling in Part Pl.'s Objection to R&R 25–29, Doc. No. 102; Doc. No. 151, *Bramhall I*.)  Permitting Mr. Wagner to appear as amicus curiae in this case would only invite further improper assistance, which the court will not allow.

For these reasons, Mr. Bramhall's motion is DENIED.

DATED this 3rd day of November, 2021.

                        BY THE COURT:

                        _____
                        Daphne A. Oberg
                        United States Magistrate Judge