Sim Gill (Utah Bar No. 6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
Bridget K. Romano (Utah Bar No. 6979)
Joshua K. Peterman (Utah Bar No. 10248)
Deputy Salt Lake County District Attorney
Salt Lake County District Attorney's Office
35 East 500 South
Salt Lake City, Utah 84111
Telephone: 385.468.7700
Email: bromano@slco.org
        jpeterman@slco.org
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARLE E. aka EARL E. BRAMHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>SIMARJIT S. GILL,<br><br>    Defendant. | **DEFENDANT SIMARJIT S. GILL'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00477-RJS<br><br>Hon. Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Simarjit S. Gill ("Defendant Gill"), through counsel and under Rule 56 of the

Federal Rules of Civil Procedure and DUCivR 56.1, moves for summary judgment dismissing

Plaintiff's Section 1983 claim against Defendant Gill, with prejudice.[1]

### INTRODUCTION AND RELIEF SOUGHT

This action initially was filed against Cyprus Credit Union, the Salt Lake County District

Attorney's Office, and thirteen individuals - including nine deputy district attorneys and elected

---

[1] *See* ECF 102 Order Sustaining in Part and Overruling in Part Plaintiff's Objection to Report and
Recommendation.

Salt Lake County District Attorney Sim Gill - for alleged constitutional rights violations arising out of Plaintiff's prosecution for making a terroristic threat to a bank. On September 30, 2021, the Court dismissed Plaintiff's claims with prejudice, excepting only a Section 1983 claim against Defendant Gill individually ("Order"). [2] [ECF 102]. Pertinent here, the sole, remaining claim alleges Defendant Gill developed and/or enforced an office policy of denying plaintiff of his right to a speedy trial. *Id.* at pg. 14.

Plaintiff's claim against Defendant Gill fails because: (1) Plaintiff's requested relief is unavailable; and (2) Defendant Gill is entitled to qualified immunity.

## **STATEMENT OF MATERIAL UNDISPUTED FACTS**

1.     Exhibit A.[3]

---

[2] Though unclear on the face of the amended complaint [ECF 29], Plaintiff has clarified his remaining claim is asserted against Defendant Gill in his individual capacity only. [ECF 88, Memorandum in Opposition to County Defendants Motion to Dismiss Amended Complaint, pg. 20].

[3] Following his acquittal, Plaintiff's state court criminal case was expunged and the file was sealed.  As permitted by Utah Code § 77-40-110(3), Utah Third District Court Judge Keith Kelly unsealed the state court file and released the underlying court record for the parties' collective use in "a civil action arising out of the expunged incident . . ." *Id. See* Ruling, attached hereto as Exhibit B. The exhibits referenced herein are pulled directly from that record and the Court can take judicial notice of the same. "[D]istrict court may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment substantially as they would be utilized at trial." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1171–72 (10th Cir. 1979). "[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Id.* at 1072.

2.    ███████████████████████████████

████████████████████████████████████

███████████████████████. *See* <u>Exhibit C</u>, pg. 7.[4]

3.    ███████████████████████████████

████████████████████████████████████

████████

4.    ███████████████████████████████

███████████████████████████████████

5.    ███████████████████████████████

██████████████████

6.    ███████████████████████████████

█████████████████████████████

7.    ███████████████████████████████

████████████████████████████████████

██████████████████████

8.    ███████████████████████████████

████████████████████████████████████

███████████████████

9.    ███████████████████████████████

██████████████████

---

[4] Exhibit C ██████████████████████████████████

██████████████████████████████████



---

[5] Plaintiff filed hundreds of pages of handwritten motions with the Court throughout the criminal proceedings causing numerous delays. The sheer volume of submissions by Plaintiff renders it impractical to provide all of them to the Court. An example is attached hereto as Exhibit D and is representative of Plaintiff's other filings throughout the proceeding.

18. ████████████████████████████████████

████████████████████████████████

19. ████████████████████████████████████

██████████████████████

20. ████████████████████████████████████

████████████████████████████.

21. ████████████████████████████████████

███████████████████████

22.     Pertinent here, Judge Reese found:





23.    Based on those findings, Judge Reese concluded, *inter alia,*:



24.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* <u>Exhibit E.</u>

26. ████████████████████████████████████████

████████████████████████████████████████████████

████, attached hereto as <u>Exhibit F.</u>

27. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ attached hereto as <u>Exhibit G.</u>

28. ████████████████████████████████████████

████████████████████████████████████. ████ attached

hereto as <u>Exhibit H.</u>

29. ████████████████████████████████████████

████████████████████████████████████████████████,

attached hereto as <u>Exhibit I.</u>

30. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████, <u>attached hereto as</u> <u>Exhibit J.</u>

31. ████████████████████████████████████████

████████████, attached hereto as <u>Exhibit K.</u>

32. ████████████████████████████████████████

████████████████████████████████████████████████

████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████



*See* ████████████████████████████████ attached

hereto as <u>Exhibit L</u>, ████████

33. ████████████████████████████████████

████████████████████████████████

34. ████████████████████████████████████

████████████████████████████████████

████████████████████████ attached hereto as <u>Exhibit M</u>.

35. ████████████████████████████████

████████████████████████████████████

████████ attached hereto as <u>Exhibit N</u>.

36. ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████ attached

hereto as <u>Exhibit O</u>.

37. ████████████████████████████████

████████████████████████████████, attached

hereto as <u>Exhibit P</u>.

38.  attached hereto as <u>Exhibit Q.</u>

39. ▆▆▆▆▆▆▆▆▆▆▆▆ attached hereto as <u>Exhibit R.</u>

## **ARGUMENT**

### I.    **LEGAL STANDARD FOR SUMMARY JUDGMENT.**

"A motion for summary judgment is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998); Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears [the] initial burden to show an absence of evidence to support an essential element of the non-movant's case." *Johnson*, 996 F. Supp. at 1102.

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* (citing *Thomas v. Wichita Coca Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)). A party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); Fed. R. Civ. P. 56(e). Nor may "a party

. . . rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). And pertinent here, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Salehpoor v. Sahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004) (quoting *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir. 1995)).

   a.    **Different Standard When Immunity Defenses Are Raised**.

Because Defendant Gill raises a qualified immunity defense, the initial burden of proof shifts and the onus is on Plaintiff to demonstrate that material, undisputed facts in the record do not support qualified immunity for Defendant Gill's alleged actions or omissions. *See Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001) ("After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff"). Once qualified immunity is asserted, Plaintiff "may not play dog in the manger" and "the record must contain facts that rebut the presumption of the [Defendant Gill's] immunity from suit." *Id.* at 1130.

   **II.    DEFENDANT GILL IS ENTITLED TO SUMMARY JUDGMENT.**

The Court previously dismissed the bulk of Plaintiff's amended complaint, leaving a single claim against Defendant Gill for an alleged violation of Plaintiff's right to a speedy trial under the United States Constitution. [ECF 102, pp. 32-33]. As set forth herein, Plaintiff's remaining claim fails as a matter of law.

### a.    Plaintiff's Requested Remedy is Unavailable.

The right to a speedy trial is found in the Sixth Amendment to the United States Constitution. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…" U.S. Const. Amend. VI.

Plaintiff's requested remedy for this alleged constitutional violation is strictly monetary. [ECF 29, pg. 16]. Monetary relief, however, is not available to remedy a speedy trial claim. Rather, the United States Supreme Court has made clear dismissal of the charges is "the only possible remedy" for an alleged Sixth Amendment violation. *Strunk v. U.S.*, 412 U.S. 434, 440 (1973) (*citing Barker v. Wingo*, 407 U.S. 514, 522 (1972)). Being facially deficient, the remaining claim should be dismissed; Plaintiff taking nothing thereby.

In the nearly fifty years since *Barker* was decided, lower courts consistently have held monetary damages are not an available remedy for Sixth Amendment claims.

> The Court must dismiss Plaintiff's speedy trial claims because the Court cannot provide any relief that would address the injury. Plaintiff is no longer in custody and charges are not pending. Rather, Plaintiff requests compensatory and punitive damages. However, those damages are not available for Plaintiff's Speedy Trial claim. Further, granting a dismissal would not redress the injury because Plaintiff has already been acquitted of the charges. Thus, even assuming Plaintiff articulated viable Speedy Trial claims against non-immune defendants, Plaintiff's injury would not be redressed by a favorable decision.

*Neal v. United States*, No. 1:12-CV-01327-AWI, 2014 WL 172545, at *6 (E.D. Cal. Jan. 15, 2014) (internal citation omitted); s*ee also Quinn v. Roach*, 326 Fed.Appx. 280, 290 (5th Cir. 2009) (after dismissal plaintiff lacks standing to assert Sixth Amendment claim); *Starks v. Moore*, 51 F. Supp. 3d 782, 797 (S.D. Ind. 2014) (monetary damages are not available in post-trial Section 1983 action alleging violation of Sixth Amendment right to speedy trial); *Wooten v. Hayden*, No. 18-3067-SAC, 2021 WL 1210289, at *2 (D. Kan. Mar. 31, 2021) (federal claim for monetary damages due

to denial of speedy trial unavailable); *Batch v. Lauricia*, No. 2:19-CV-01046-CRE, 2021 WL 4086130, at *9 (W.D. Pa. Aug. 16, 2021) (monetary damages are unavailable to a Section 1983 plaintiff alleging a Sixth Amendment speedy trial violation).

This line of reasoning is premised on the fact the Sixth Amendment provides protections only during the time a person stands accused and detaches upon conviction or dismissal. As described by the Seventh Circuit:

> The Speedy Trial Clause applies only to an accused; when charges were dismissed …the defendant lost not only the status of being an accused, he lost the Sixth Amendment's guarantee of a prompt trial. It is scarcely realistic to suppose that a citizen, free from criminal charges, wants or deserves a speedy trial. Once all counts of the indictment were dismissed, the defendant was legally and constitutionally in the same posture as though no charges had been made.

*United States v. Samples*, 713 F.2d 298, 301 (7th Cir. 1983) (internal citation omitted).

United States Supreme Court authority is in accord. When addressing whether a party can appeal the denial of a speedy trial claim prior to a final adjudication of the criminal case, the Supreme Court stated:

> The claim would be largely satisfied by an acquittal resulting from the prosecution's failure to carry its burden of proof…In contrast, a central interest served by the Speedy Trial Clause is the protection of the factfinding process at trial. The essence of a defendant's Sixth Amendment claim in the usual case is that the passage of time has frustrated his ability to establish his innocence of the crime charged.

*United States v. MacDonald*, 435 U.S. 850, 859–60 (1978).

*MacDonald* reaffirms that the fundamental purpose of the Sixth Amendment is to protect a defendant's rights during trial – not provide a post-trial remedy. Defendant Gill has been unable to locate any authority that would support Plaintiff's claim for monetary relief due to a speedy trial violation and his claim should be dismissed with prejudice.

11

And though the amended complaint alleges a Section 1983 claim against a state actor, courts addressing similar Sixth Amendment claims against federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) have reached a similar conclusion.[6] As the Supreme Court explained in *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007), *Bivens* "is not an automatic entitlement no matter what other means there may be to vindicate a protected interest…"

Resonate here, the Supreme Court has recognized *Bivens* claims only in Fourth, Fifth, and Eighth Amendment cases, and has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). In fact, "*Bivens* has never been extended to provide an alternate remedy to speedy trial violations…" *Rockwell v. Adams*, No. CIV.A. 3:14-9190, 2014 WL 2779009, at *4 (S.D.W. Va. Jun. 19, 2014). In other words, monetary relief for an alleged speedy trial violation is not available under either *Bivens* or Section 1983.

Because money damages are not an available remedy for Plaintiff's Sixth Amendment claim, Defendant Gill is entitled to judgment as a matter of law.

**b.    Plaintiff's Individual Capacity Claim is Barred by Qualified Immunity.**

Plaintiff alleges Defendant Gill intentionally developed a policy to violate his speedy trial rights; or he was grossly negligent in allowing such a policy to develop. [ECF 29, pgs. 10 -11]. Defendant Gill, however, is qualified immune from Plaintiff's alternate claim.

---

[6] "A Bivens suit against a federal agent is the federal equivalent of a suit against State officials under § 1983…Thus, we cite to both Bivens and § 1983 cases as authority." *Springer v. Albin,* 398 Fed.Appx. 427, 435 n. 5 (10th Cir. 2010) (citing *Hartman v. Moore*, 547 U.S. 250, 254 (2006).

"[Q]ualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Medina*, 252 F.3d at 1127 (citation omitted). This defense "protects government officials from suit for civil damages if their conduct does not violate clearly established statutory or constitutional rights." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (citing *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)). In doing so, the qualified immunity doctrine "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

When the defense of qualified immunity is raised, Plaintiff must carry a "heavy two-part burden" to demonstrate: "(1) that the defendant's actions violated a constitutional or statutory right, and (2) that the right allegedly violated was clearly established at the time of the conduct at issue." *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). Failure on either element is fatal to Plaintiff's claim. *See A.M. v. Holmes*, 830 F.3d 1123, 1134-1135 (10th Cir. 2016) ("if plaintiff fails to establish either prong…the defendant prevails on the defense").

Analyzing a qualified immunity defense, the Court possesses discretion to decide which element to address first. *Id.* at 1135. Here, Plaintiff cannot meet the first element (violation of a constitutional right) and therefore, an analysis of the second element is unnecessary. Plaintiff alleges his right to a speedy trial was violated when he was denied a jury trial during a "nearly five

year" period. *See* [ECF 29, pg. 16].[7]  Plaintiff's claim, however, relies on undisputed facts that belie his assertions, and tilt in Defendant Gill's favor.

Examining whether a Sixth Amendment right to a speedy trial was violated, the Court should consider the following factors: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant." *United States v. Koerber,* 10 F.4th 1083, 1109 (10th Cir. 2021) (citation omitted). Further, consideration of the factors is a "balancing test, so none of the factors is itself necessary or sufficient to conclude that the Sixth Amendment speedy trial right has been violated." *United States v. Hicks*, 779 F.3d 1163, 1167 (10th Cir. 2015).

A review of each factor demonstrates no violation of Plaintiff's constitutional right to a speedy trial and therefore, qualified immunity applies.

### i.    Length of Delay.

Although there is no firm rule, a delay approaching one year is considered "presumptively prejudicial." *Id.* Defendant Gill acknowledges the time between the filing of criminal charges and Plaintiff's trial was more than one year and therefore, this factor favors Plaintiff.

### ii.    Reason for Delay.

The reason for the delay is "especially important" and if Plaintiff's actions "were the primary cause of the delay, [this factor] weighs heavily against him." *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010). What is more, delays attributable to a plaintiff do not weigh against the government. *Id.*

---

[7] The exact period of time that constitutes this "five years" is unclear, but the length of the alleged delay is relevant to the Court's analysis of prejudice to Plaintiff as set forth in subsection iv.

Here, the undisputed record shows Plaintiff is responsible for the delays associated with his case. ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ *See* Statement of Facts, ¶¶ 2-4, 10-11, 14, 16-17, 19, 25-26, 35-38. ██████████████ ███████████████████████████████████████████████████████████████████ *Id.* at ¶ 32.[8] ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████. *Id.* at ¶ 36.

No delay was the product of bad faith, purposeful delay, or other action on the part of the State that would cause this factor to weigh in Plaintiff's favor. ████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████

Additionally, much of the delay can be attributed to Plaintiff's competency. "[A] criminal defendant cannot establish a denial of his Sixth Amendment right to a speedy trial if the reason for the delay is to determine competency." *Marker v. Lathorp*, No. 1:18-CV-00719-JB-LF, 2020 WL 1951593, at *6 (D.N.M. Apr. 23, 2020); *see also Johnson v. United States*, 333 F.2d 371, 374 (10th Cir. 1964) (party cannot complain of the denial of his constitutional right to a speedy trial because

---

[8] The state court's findings during the criminal proceedings should be given "great deference." *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991)

of his confinement in a mental institution for the very purpose of determining his competency to stand trial).

Because, in each instance, the continuance and reason for delay is attributable to Plaintiff, this factor weighs heavily in favor of Defendant Gill.

### iii. Whether Plaintiff Asserted his Right to a Speedy Trial.

Plaintiff's first formal assertion of his right to a speedy trial was ████████████. *See* ████████████, attached hereto as <u>Exhibit S.</u> By then, and as noted by Plaintiff in the final paragraph of this motion, ████████████████████████

The United States Court of Appeals for the Tenth Circuit has consistently held that "if the defendant fails to demand a speedy trial, moves for many continuances, or otherwise indicates that he is not pursuing a swift resolution of his case, this factor weighs heavily against him." *Hicks*, 779 F.3d at 1168. *see also Koerber*, 10 F.4th at 1110 (requesting continuances and deadline extensions "hardly characteristic of a desire for a speedier process"); *Larson*, 627 F.3d at 1210 (denying request made twenty-six months after his indictment and after the court had granted eight continuances-five of which were requested by defendant); *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009) (by the time speedy trial right was asserted, eight continuances had been granted, seven of which were requested by defendant, and approximately seventeen months had passed since his first court appearance); *United States v. Batie,* 433 F.3d 1287, 1292 (10th Cir. 2006) ("persistent requests for continuances…scarcely demonstrate a desire for a speedier process"); *United States v. Margheim*, 770 F.3d 1312, 1328 (10th Cir. 2014) (assertion of the right to a speedy trial is not satisfied merely by moving to dismiss after the delay has already occurred).

Plaintiff's conduct is similar to that found in the aforementioned cases wherein it was determined that this factor weighed "heavily" against the defendants. While Plaintiff did assert his right a speedy trial, the assertion alone is insufficient considering his culpability in the delays. The "burden of showing he desired a speedy trial is not satisfied merely by moving to dismiss after the delay has already occurred." *United States v. Gould*, 672 F.3d 930, 938 (10th Cir. 2012). By the time Plaintiff filed ███████████████████████████, he had requested, and been granted ████████████████████ *See* Statement of Facts, ¶¶ 2, 4, 11, 14, 17, 19. Additionally, the trial court fully analyzed Plaintiff's motions to dismiss on Sixth Amendment grounds and denied the requests on each occasion. *Id.* at ¶¶ 22, 32.

### iv.       Whether the Delay Prejudiced Plaintiff.

In the Tenth Circuit as elsewhere, a plaintiff bears the burden of demonstrating that they were prejudiced by the delay and failure to do so is "nearly fatal to a speedy trial claim." *Hicks*, 779 F.3d at 1168 (citation omitted). When evaluating the type of prejudice that Plaintiff must demonstrate, the Court must first determine if there has been an "extreme delay." *Toombs* 574 F.3d at 1275. If there has been extreme delay, there is a presumption of prejudice and Plaintiff need not present specific evidence. *Id.*

To constitute "extreme delay," there must be a delay of at least six years. *Hicks*, 779 F.3d at 1168. Plaintiff has alleged a delay of five years, which on its face is less than the required time to constitute extreme delay. Additionally, only delays attributable to the government should be included in this calculation. *Id.* Because, while lengthy, none of the delay was caused by the prosecution, as found by the trial court on several occasions, the delay for purposes of an extreme delay inquiry is effectively zero.

Absent the finding of extreme delay, prejudice to Plaintiff cannot be presumed. Plaintiff "must make a particularized showing of prejudice which addresses the interests the speedy trial right was designed to protect, which include: (i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired." *Id.* at 1169.

Even assuming for purposes of this motion only that Plaintiff can produce some evidence to support the first two interests, he cannot do so for the third. Impairment of a defense is the "most important" of the three interests and if it is not established, it cannot weigh in favor of Plaintiff, even if the first two interests are established. *Toombs* 574 F.3d at 1276 (if defense was not significantly hindered, prejudice factor does not weigh in favor of defendant even if first two interests are assumed).

Plaintiff's ███████████████████████████████████████████████ ████████████████████████. Without dispute and on the facts already established by way of the state court proceedings, Plaintiff cannot demonstrate that his ability to mount a defense was prejudiced. *See Hinshaw v. United States*, No. 08CV5742, 2010 WL 569948, at *9 (N.D. Ill. Feb. 16, 2010) (no evidence that defense was impaired when defendant was acquitted). Plaintiff's Sixth Amendment rights were fully analyzed and maintained by the trial court. The delays, proximately caused by Plaintiff, did not result in the type of prejudice sufficient to warrant monetary damages, if damages were allowed, or to overcome Defendant Gill's right to qualified immunity.

As set out above and supported by an indisputable record of established facts for which this Court can take judicial notice, Plaintiff cannot satisfy the four-factor test necessary to support

a speedy trial violation. The only factor that weighs in Plaintiff's favor is the first; namely, that the delay was presumptively prejudicial because there was more than a year between the filing of criminal charges and trial. The remaining three factors weigh heavily in favor of the State, and thereby Defendant Gill, and after balancing these factors, Plaintiff cannot establish a violation of his right to a speedy trial under the Sixth Amendment. Because there was no constitutional violation, Defendant Gill is entitled to qualified immunity and summary judgment is appropriate as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendant Gill respectfully request that this Court grant his Motion for Summary Judgment dismissing all claims against him with prejudice.

Dated this 20th day of April 2022.

<div style="margin-left:50%">

Sim Gill
SALT LAKE COUNTY DISTRICT
ATTORNEY

*/s/ Joshua K. Peterman*
Joshua K. Peterman
Deputy District Attorneys

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April 2022, a true and correct copy of the

foregoing Motion for Summary Judgment was electronically filed with the clerk of the court

utilizing the CM/ECF system, which automatically sent notification of such filing to the

following:

> Earle E. Bramhall
> 4658 West 3825 South
> West Valley City, Utah 84120

*/s/ Julianne Katherman*
Paralegal