UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EARL E. BRAMHALL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SIMARJIT S. GILL,<br><br>　　　　Defendant. | **ORDER DENYING PLAINTIFF'S MOTION FOR EXPULSION OF COUNSEL AND PARALEGAL FOR NONCOMPLIANCE<br>(DOC. NO. 122)**<br><br>Case No. 2:19-cv-00477<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Earl E. Bramhall's Motion for Expulsion of Counsel and Paralegal for Noncompliance, ("Mot.," Doc. No. 122), which requests miscellaneous relief on a number of issues, addressed below. Defendant Simarjit S. Gill did not respond to the motion. For the reasons explained below, the court DENIES the motion.

**1. Request for Expulsion of Counsel and Paralegal**

Mr. Bramhall alleges Mr. Gill has retained new counsel, Joshua K. Peterman, who has failed to file a notice of appearance in this case. (Mot. 1, Doc. No. 122.) He also alleges new counsel has served "responses" which are inadequate. (*Id.*) Mr. Bramhall seeks "expulsion" of Mr. Peterman and his paralegal. (*Id.*) Mr. Bramhall did not file the discovery responses or other responses at issue.

After Mr. Bramhall's motion was filed, Joshua K. Peterman appeared as counsel for Mr. Gill in this action by filing a motion for summary judgment. (*See* Doc. No. 125.) Therefore, Mr. Bramhall's stated concern regarding Mr. Peterman's failure to enter an appearance as counsel has been remedied. Mr. Bramhall has not demonstrated grounds to disqualify Mr. Peterman or

1

his paralegal from working on this case. Accordingly, Mr. Bramhall's request for "expulsion" of Mr. Peterman and his paralegal is denied.

### 2. Allegation of Inadequate Discovery Responses

To the extent Mr. Bramhall alleges Mr. Gill's discovery responses are inadequate, he has not filed a short form discovery motion which complies with Rule 37-1 of the Local Rules of Civil Practice. Accordingly, the court does not address this allegation. If Mr. Bramhall is unable to resolve a discovery dispute after a meaningful conferral with Mr. Gill's counsel, he may file a new motion which complies with Rule 37-1. The clerk's office is directed to send a copy of this rule to Mr. Bramhall.

### 3. Request for Court to Decline to Accept Information from Expunged Case

Mr. Bramhall next alleges Mr. Gill has "presented to the court" documents regarding his prior arrest and the expunged criminal case against him. (Mot. 2, Doc. No. 122.) Mr. Bramhall asks the court to "decline to accept future information counsel has received from [his] expunged case." (*Id.*) This request is denied. Mr. Bramhall has put his expunged case at issue in this lawsuit by bringing claims against Mr. Gill arising from that case. (*See generally* Am. Compl., Doc. No. 29.) Therefore, the court will not restrict Mr. Gill from filing documents from the expunged case in this action.

### 4. Request for Reinstatement of Walter Wagner as Amicus Curiae

Finally, Mr. Bramhall asks the court to reinstate Walter Wagner as amicus curiae. The court denied Mr. Bramhall's prior motion seeking the same relief, (*see* Doc. No. 109), and will not revisit this issue.

## CONCLUSION

Mr. Bramhall's motion is DENIED. The clerk's office is directed to send Mr. Bramhall a copy of Local Rule 37-1 with this order.

DATED this 21st day of April, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge