UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EARL E. BRAMHALL,<br><br>Plaintiff,<br><br>v.<br><br>SIMARJIT S. GILL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO FILE UNDER SEAL MOTION FOR SUMMARY JUDGMENT INCLUDING EXIBITS A-S, EXCEPT EXHIBIT B (DOC. NO. 126)**<br><br>Case No. 2:19-cv-00477<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Simarjit S. Gill has moved for leave to file under seal the unredacted version of his motion for summary judgment[1] and exhibits A and C through S.[2] Because no party has articulated a countervailing interest which outweighs the presumption of public access to judicial records, the motion is denied and these documents shall be unsealed.

### LEGAL STANDARDS

"The records of the court are presumptively open to the public," and sealing court documents is "highly discouraged."[3] However, the right of access to judicial records is not absolute.[4] "[T]he presumption in favor of access to judicial records may be overcome where

---

[1] (Mot. for Summ. J., Doc. Nos. 123 (sealed), 125 (redacted).)

[2] (Def.'s Mot. to File Under Seal Mot. for Summ. J. Including Exs. A–S, Except Ex. B ("Mot. to Seal"), Doc. No. 126.) Although Mr. Gill's motion does not seek leave to seal exhibit B to the summary judgment motion, Mr. Gill filed exhibit B under seal as well.

[3] DUCivR 5-3(a)(1).

[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

1

countervailing interests heavily outweigh the public interests in access."[5] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6]

## ANALYSIS

The documents Mr. Gill seeks to seal are records from an expunged Utah criminal case against Plaintiff Earl E. Bramhall. Mr. Bramhall brought this federal civil action against Salt Lake County District Attorney Simarjit Gill and other defendants in 2019, claiming his constitutional rights were violated in the criminal case.[7] Mr. Bramhall was acquitted in that case in 2017, and the case was expunged and the file sealed.[8] After Mr. Bramhall filed this federal action, Mr. Gill obtained a Utah state court order unsealing the file and releasing the records for the parties' collective use in this case.[9] Mr. Gill then filed some records from the criminal case as exhibits to his summary judgment motion. Mr. Gill argues these exhibits, and the portions of the summary judgment motion which discuss them, must be kept confidential pursuant to a Utah statute governing use of expunged records.[10]

Section 77-40a-404 of the Utah Code provides an expunged record "may be released to or viewed by . . . parties to a civil action arising out of the expunged incident if the information is

---

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] (*See* Compl., Doc. No. 3.)

[8] (*See* MSJ 1 n.3, Doc. No. 125.)

[9] (*See id.*; Ex. B to Mot. for Summ. J., Dec. 22, 2021 Order in *In Re. the Release of Expunged Records in Case No. 081905670*, Case No. 210906722 (Utah Third District Court), Doc. No. 123-2.)

[10] (Mot. to Seal, Doc. No. 126.) Mr. Gill cites Utah Code § 77-40-110, which has since been renumbered as Utah Code § 77-40a-404.

kept confidential and utilized only in the action."[11] The Utah court order unsealing Mr. Bramhall's expunged records states "Utah law permits a limited release of the court record for use by the parties in the collateral federal action," and found Mr. Gill's request to "confidentially release" a copy of the criminal case file was proper.[12]

Mr. Gill's reliance on this Utah statute is insufficient to warrant sealing the documents at issue. As an initial matter, state law does not govern sealing documents filed in federal court.[13] Under Tenth Circuit standards, the party seeking to seal judicial records in federal court must articulate a "significant interest" outweighing the presumption of public access.[14] Neither Mr. Gill nor any other party has articulated such an interest. Moreover, to the extent the Utah statute is intended to protect privacy interests of the party whose criminal record is expunged, Mr. Bramhall himself undermined those interests in this case. Mr. Bramhall publicly filed numerous pleadings and other documents which describe the background and procedural history of his criminal case in detail.[15] Mr. Bramhall also publicly filed records related to his criminal case, such as a police report and competency evaluations.[16] Mr. Bramhall did not seek to seal these

---

[11] Utah Code § 77-40a-404(3).

[12] (Ex. B to Mot. for Summ. J., Dec. 22, 2021 Order in *In Re. the Release of Expunged Records in Case No. 081905670*, Case No. 210906722 (Utah Third District Court), Doc. No. 123-2.)

[13] *See Parson v. Farley*, 352 F. Supp. 3d 1141, 1151–52 (N.D. Okla. 2018) (finding a federal court was not bound by a state court's prior ruling on sealing records because federal standards govern sealing judicial records in federal litigation); *cf. Hinsdale v. City of Liberal, Kan.*, 961 F. Supp. 1490, 1495 (D. Kan. 1997) (noting state law does not govern discoverability and confidentiality in federal question cases).

[14] *Colony Ins. Co.*, 698 F.3d at 1241 (internal quotation marks omitted).

[15] (*See, e.g.*, Compl., Doc. No. 3; Am. Compl., Doc. No. 29; Pl.'s Reply to Def.'s Mot. for Summ. J., Doc. No. 129; Bramhall Aff., Doc. No. 129-1.)

[16] (*See* Exs. A–B to Bramhall Aff., Doc. No. 129-1 at 6–67.)

filings or keep the facts of his criminal case confidential. Where Mr. Bramhall himself publicly disclosed information and documents from his expunged criminal case, his privacy interests do not justify sealing other records from that same case filed by Mr. Gill.

Further, the presumption of public access is particularly strong here because the records at issue were filed in support of a summary judgment motion.[17] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[18] If Mr. Gill's motion to seal were granted, significant portions of the summary judgment motion and all but one of the supporting exhibits would be sealed, thereby depriving the public of the basis for the court's decision.[19] In light of this, and given that no party has articulated a countervailing interest, the presumption in favor of public access prevails.

Accordingly, Mr. Gill's motion to seal[20] is denied. The clerk's office is directed to unseal the unredacted version of the summary judgment motion[21] and all exhibits.

DATED this 31st day of January, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[17] *See Angilau v. United States*, No. 2:16-00992-JED, 2017 U.S. Dist. LEXIS 197135, at *22 (D. Utah Nov. 29, 2017) (unpublished) ("The presumption of access to documents submitted in support of, or in opposition to, a motion for summary judgment is great.").

[18] *Colony Ins. Co.*, 698 F.3d at 1242 (alteration in original) (internal quotation marks omitted).

[19] *See Parson*, 352 F. Supp. 3d at 1153 (finding sealing dispositive motions and attached exhibits would deprive the public of "any meaningful access to the proceedings").

[20] (Doc. No. 126.)

[21] (Doc. No. 123.)