UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EARL E. BRAMHALL,<br><br>Plaintiff,<br><br>v.<br><br>SIMARJIT S. GILL,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 125)**<br><br>Case No. 2:19-cv-00477<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Earl E. Bramhall brought this action against Salt Lake County District Attorney Simarjit S. Gill and other defendants in 2019.[1]  Mr. Bramhall claims his constitutional speedy trial rights were violated in a criminal case in which he was acquitted at trial nearly nine years after being charged.[2]  Mr. Bramhall's only remaining claim is a claim under 42 U.S.C. § 1983 against Mr. Gill based on the alleged speedy trial violation.[3]  Mr. Gill has moved for summary judgment on this claim.[4]

As explained below, Mr. Gill is entitled to qualified immunity because, based on the undisputed facts, Bramhall cannot demonstrate his Sixth Amendment right to a speedy trial was

---

[1] (*See* Compl., Doc. No. 3.)

[2] (*See* Am. Compl. 10–15, Doc. No. 29.)

[3] (*See* Order Sustaining in Part and Overruling in Part Pl.'s Objection to R. & R. 16–17, Doc. No. 102.)  All other defendants have been dismissed.  (*Id.* at 32–33.)

[4] (Def. Simarjit S. Gill's Mot. for Summ. J. ("MSJ"), Doc. No. 125.)

violated.  Therefore, the undersigned[5] recommends the chief district judge grant the motion and enter summary judgment in favor of Mr. Gill on Mr. Bramhall's remaining claim.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit."[7]  "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented."[8]  In evaluating a motion for summary judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[9]  But "where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment."[10]

A party asserting that a fact cannot be or is genuinely disputed on summary judgment must support the assertion by:

---

[5] Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B) on August 7, 2019.  (Doc. No. 19.)  After being reassigned to several other magistrate judges, the case was reassigned to the undersigned magistrate judge on June 8, 2020.  (Doc. No. 76.)

[6] Fed. R. Civ. P. 56(a).

[7] *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted).

[8] *Id.* (internal quotation marks omitted).

[9] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[10] *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation marks omitted).

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[11]

Because Mr. Bramhall proceeds pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Nonetheless, he must "follow the same rules of procedure that govern other litigants."[13]

<u>RELEVANT FACTS</u>

The facts set forth below are based on court records from Mr. Bramhall's criminal case which Mr. Gill filed in support of his motion for summary judgment.[14]  Mr. Bramhall raised no

---

[11] Fed. R. Civ. P. 56(c)(1).

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[14] Following his acquittal, Mr. Bramhall's criminal case was expunged and the file was sealed. (*See* MSJ 1 n.3, Doc. No. 125.)  After Mr. Bramhall brought this federal civil action, Mr. Gill obtained a Utah state court order unsealing the file and releasing the records for the parties' collective use in this case.  (*See id.*; Ex. B to MSJ, Doc. No. 123-2.)  Because the file was released only to the parties, the only records from the criminal case available to this court for review on summary judgment are those the parties have chosen to file as exhibits.  Mr. Gill filed eighteen documents from the criminal case file.  (*See* Exs. A, C–S to MSJ, Doc. Nos. 123-1, 123-3–123-19.)  Mr. Bramhall filed additional documents which appear related to the criminal case (although it is unclear whether they were part of the case file released to the parties), including a competency evaluation, a police report, and a letter regarding reimbursement for a competency evaluation.  (Exs. A–C to Bramhall Aff., Doc. No. 129-1 at 5–73.)  Neither party filed the docket sheet from the criminal case.

valid objection to these records, and he failed to offer or cite to evidence contrary to these records.  Therefore, these facts are considered undisputed.

### A.  Procedural History of the Criminal Case, 2008–2011

Mr. Bramhall was arrested on July 23, 2008.[15]  On July 28, 2008, the Salt Lake County District Attorney's Office filed criminal charges against Mr. Bramhall for aggravated robbery and "terroristic threat."[16]  A trial was scheduled for January 6 through 8, 2009.[17]  At a final pretrial conference on November 17, 2008, Mr. Bramhall's counsel informed the court that evaluations of Mr. Bramhall's mental health were being conducted.[18]

On December 22, 2008, Mr. Bramhall's counsel moved to continue the trial because the mental health evaluation was ongoing, stating counsel had "significant concerns" about Mr. Bramhall's competency.[19]  The trial was rescheduled for February 10 through 12, 2009, but it was vacated when Mr. Bramhall's counsel filed a petition to determine Mr. Bramhall's

---

[15] (*See* Bramhall Aff., Doc. No. 129-1 (stating he was incarcerated "[f]rom the date of inception of the criminal case (07-23-2008)").)  The court records filed by Mr. Gill do not contain a date of arrest.

[16] (Ex. A to MSJ, Information, Case No. 081905670 (Utah Third District Court), Doc. No. 123-1.)

[17] (*See* Ex. C to MSJ, Findings of Fact, Conclusions of Law and Order on Def.'s Mot. to Dismiss ("Dec. 21, 2011 Order") 7, Case No. 081905670 (Utah Third District Court), Doc. No. 123-3.)  Exhibit C is a December 21, 2011 order in the criminal case which contains a detailed procedural history of the case from the filing of criminal charges through December 2011.

[18] (*See id.*)

[19] (*Id.*)

competency to stand trial.[20]  On April 14, 2009, Mr. Bramhall's counsel withdrew and conflict counsel was appointed.[21]

On May 11, 2009, the court found Mr. Bramhall incompetent to stand trial based on an expert evaluation.[22]  The court ordered that Mr. Bramhall be transported to the Utah State Hospital for restoration services, and set a competency review hearing for August 3, 2009.[23]  In response, Mr. Bramhall filed several pro se requests to stay his transport for mental health treatment.[24]  On June 1, the court ordered that any motions by Mr. Bramhall be signed by counsel, but Mr. Bramhall continued filing pro se challenges to the transport order.[25]  At the time of the August 3 competency review hearing, Mr. Bramhall still had not been transported to the Utah State Hospital.[26]  The court again ordered his transport.[27]  The next competency review hearing, set for November 2, was continued "based on stipulation of counsel," reset for December 21, then continued again "on [Mr. Bramhall's] motion."[28]

---

[20] (*See id.*)

[21] (*See id.* at 8.)

[22] (*See id.*)

[23] (*See id.*)

[24] (*See id.*)

[25] (*See id.*)

[26] (*See id.*)

[27] (*See id.*)

[28] (*See id.*)

On January 25, 2010, the court found Mr. Bramhall competent to proceed based on communications from the Utah State Hospital.[29]  A trial was set for March 30 through April 1, 2010.[30]  But these trial dates were vacated on March 8 based on Mr. Bramhall's motion for a continuance.[31]  A week later, Mr. Bramhall filed a pro se motion to dismiss his appointed counsel.[32]  On March 29, 2010, based on a joint request of counsel, the court ordered that Mr. Bramhall's competency be reevaluated "primarily because of the difficulties relating to [his counsel's] attempt to provide adequate representation."[33]

On May 24, 2010, Mr. Bramhall was again found competent to proceed, and a trial was set for September 14 through 16, 2010.[34]  However, these dates were vacated on August 16, 2010, pursuant to a stipulation of counsel that an independent expert should determine Mr. Bramhall's competency—"based primarily on the concerns of [Mr. Bramhall's counsel]."[35]  Mr. Bramhall then filed several pro se complaints regarding his counsel with the court and the Utah State Bar, which the court found "effectively automatically terminat[ed]" counsel's ability to represent Mr. Bramhall.[36]

---

[29] (*See id.* at 8–9.)

[30] (*See id.* at 9.)

[31] (*See id.*)

[32] (*See id.*)

[33] (*Id.*)

[34] (*See id.*)

[35] (*Id.*)

[36] (*Id.* at 9–10.)

On December 20, 2010, new counsel appeared on Mr. Bramhall's behalf, and a trial was set for April 26 through 29, 2011.[37]   But these trial dates were vacated based on Mr. Bramhall's counsel's motion for a continuance and request for a hearing on a motion to suppress evidence.[38] The motion to suppress was resolved by stipulation in June 2011, and the trial was reset for October 4 through 7, 2011.[39]

On September 16, 2011, Mr. Bramhall submitted a pro se letter to the court requesting to represent himself at trial.[40]   The October 2011 trial dates were then vacated based on Mr. Bramhall's request to represent himself and his counsel's motion for a continuance.[41]

**B.  First Motion to Dismiss Based on Alleged Speedy Trial Violations**

On December 6, 2011, Mr. Bramhall moved to dismiss the charges pending against him, alleging he had been denied his right to a speedy trial.[42]   On December 21, 2011, the court issued a detailed order denying the motion.[43]

The court found "almost all of [the] delay has been caused by either evaluations and assessments of [Mr. Bramhall's] competency to stand trial or has been requested by [Mr. Bramhall] and/or [Mr. Bramhall's] counsel and acceded to by the Prosecution."[44]   The court

---

[37] (*See id.* at 10.)

[38] (*See id.*)

[39] (*See id.*)

[40] (*See id.*)

[41] (*See id.*)

[42] (Ex. S to MSJ, Mot. to Dismiss, Case No. 081905670 (Utah Third District Court), Doc. No. 123-19.)

[43] (Ex. C to MSJ, Dec. 21, 2011 Order, Doc. No. 123-3.)

[44] (*Id.* at 2.)

noted the first competency evaluation was initiated by Mr. Bramhall's own counsel, and stated: "While [Mr. Bramhall] may not have personally agreed with the efforts to assess his competency, the Court finds those efforts were appropriate and indeed resulted in an initial finding by the Court that Mr. Bramhall was not competent to proceed."[45]  The court also found Mr. Bramhall himself delayed attempts to restore competency by filing pro se motions to stay transport to the Utah State Hospital.[46]  The court noted, after Mr. Bramhall was restored to competency, additional competency evaluations were conducted at the request of Mr. Bramhall's counsel.[47]  The court found additional trial settings were stricken "either directly because of [Mr. Bramhall's] conduct in dismissing his counsel or otherwise causing the withdrawal [of his counsel], or because of motions filed by [Mr. Bramhall] such as [] the request for self-representation."[48]  And, although prosecutors had stipulated to the competency evaluations and continuances requested by Mr. Bramhall's counsel, the court found the State of Utah had not requested any continuances of trial or caused any of the pretrial delay.[49]  Based on these findings, the court concluded Mr. Bramhall's constitutional right to a speedy trial had not been violated.[50]

---

[45] (*Id.*)

[46] (*Id.*)

[47] (*Id.* at 2–3.)

[48] (*Id.* at 3.)

[49] (*Id.*)

[50] (*Id.* at 3–5.)

### C.  Procedural History of the Criminal Case, 2012–2013

The court rescheduled the trial for January 30 through February 3, 2012.[51]  But on

January 27, Mr. Bramhall filed a pro se motion to remove his attorneys from the case.[52]  The

same day, Mr. Bramhall's counsel moved to have Mr. Bramhall's competency reevaluated.[53]

The court vacated the trial dates and ordered a competency evaluation.[54]  On August 28, 2012,

the court found Mr. Bramhall incompetent to stand trial based on the evaluations of two experts

and ordered restoration services.[55]

On January 10, 2013, Mr. Bramhall was released from custody to the supervision of

pretrial services.[56]  On August 5, 2013, Mr. Bramhall's counsel moved to withdraw,[57] and new

counsel entered an appearance on August 8.[58]

---

[51] (*See id.* at 6.)

[52] (Ex. E to MSJ, "Mot. for Relief of Counselors," Case No. 081905670 (Utah Third District Court), Doc. No. 123-5.)

[53] (Ex. F to MSJ, Petition for Inquiry into Competency to Proceed, Case No. 081905670 (Utah Third District Court), Doc. No. 123-6.)

[54] (*See* Ex. G to MSJ, Findings of Fact, Conclusions of Law, and Order Re: Competency of Defendant and Custody Order 2, Case No. 081905670 (Utah Third District Court), Doc. No. 123-7 (discussing prior order for competency evaluation).)

[55] (*Id.* at 2–13.)

[56] (Ex. I to MSJ, Order for Release to Pre-trial Services, Case No. 081905670 (Utah Third District Court), Doc. No. 123-9.)

[57] (Ex. J to MSJ, Mot. for Substitution of Conflict Counsel and Notice of Next Court Appearance, Case No. 081905670 (Utah Third District Court), Doc. No. 123-10.)

[58] (Ex. K to MSJ, Appearance of Counsel and Demand for Jury Trial, Case No. 081905670 (Utah Third District Court), Doc. No. 123-11.)

### D.  Second Motion to Dismiss Based on Alleged Speedy Trial Violations

On November 1, 2013, the court denied Mr. Bramhall's second motion to dismiss the

case for alleged violations of his right to a speedy trial.[59]  The court found:

> Although this criminal prosecution has been pending for over five years, a great
> deal of the delay in the case has been occasioned by [Mr. Bramhall's] own behavior
> and each time the case has been set for a jury trial the State of Utah has represented
> that it was prepared to proceed with the evidence needed at trial. . . . While more
> than five years have elapsed since the charges were filed, neither party
> is compromised in its ability to mount a defense if [Mr. Bramhall] is found to be
> competent to proceed to trial.[60]

The court found that since the August 2012 incompetency determination, "only cursory efforts"

had been made to determine whether Mr. Bramhall was restored to competency.[61]  The court

ordered renewed efforts be made to restore Mr. Bramhall to competency at a mental health

facility designated by the Department of Human Services.[62]

### E.  Procedural History of the Criminal Case, 2014–2017

On May 13, 2014, the court determined Mr. Bramhall was competent to stand trial and

ordered that he be released from the custody of the Department of Human Services on his own

recognizance.[63]  A trial was set for September 29 through October 3, 2014.[64]  But on September

8, Mr. Bramhall's counsel moved for a continuance to allow counsel to consult with an expert

---

[59] (Ex. L to MSJ, Findings of Fact, Conclusions of Law, and Order Re: Def.'s Mot. to Dismiss, Case No. 081905670 (Utah Third District Court), Doc. No. 123-12.)

[60] (*Id.* at 2.)

[61] (*Id.* at 3.)

[62] (*Id.* at 4.)

[63] (Ex. M to MSJ, Second Am. Order for Release, Case No. 081905670 (Utah Third District Court), Doc. No. 123-13.)

[64] (*See* Ex. N to MSJ, Mot. to Continue, Case No. 081905670 (Utah Third District Court), Doc. No. 123-14.)

regarding certain prosecution evidence and to file a motion to suppress.[65]  The trial was reset for

January 5 through 9, 2015.[66]

On November 26, 2014, the prosecution filed an unopposed motion to continue the trial

to allow Mr. Bramhall to meet the statutory notice requirements for an expert witness he

intended to utilize at trial.[67]  The motion stated "[t]he defense does not object to this Motion and

acknowledges the inability to provide a full 30 days' notice of its expert to the State of Utah in

time to continue with the current trial setting."[68]

The criminal case against Mr. Bramhall finally went to trial on March 28 through April 4,

2016.[69]  This trial resulted in a hung jury,[70] and a second trial was scheduled for September 19

through 21, 2016.[71]  But on September 6, 2016, Mr. Bramhall filed a stipulated motion to

---

[65] (*Id.*)

[66] (*See* Ex. O to MSJ, State's Mot. to Continue Trial, Case No. 081905670 (Utah Third District Court), Doc. No. 123-15.)

[67] (*Id.*)

[68] (*Id.* at 2.)

[69] (MSJ, Statement of Undisputed Facts ¶ 37, Doc. No. 123 (unredacted version).)  Although Mr. Gill cited no evidence supporting his factual assertions regarding the dates or outcome of this trial, Mr. Bramhall did not dispute these assertions.  Therefore, the court accepts these facts as undisputed.

[70] (*Id.*)

[71] (Ex. P to MSJ, Minutes Pretrial Conference, Case No. 081905670 (Utah Third District Court), Doc. No. 123-16.)

continue the trial to allow his expert additional time to prepare.[72]  The second trial was ultimately held on July 17 through 19, 2017, and Mr. Bramhall was acquitted.[73]

DISCUSSION

Mr. Bramhall's only remaining claim in this action is a claim against Mr. Gill under 42 U.S.C. § 1983 for violation of his Sixth Amendment right to a speedy trial.  Mr. Bramhall claims Mr. Gill, as Salt Lake County District Attorney, developed a policy (or allowed a policy to develop) which deprived him of his speedy trial rights—specifically, a policy "of keeping individuals charged with a crime incarcerated as long as possible, and in violation of speedy trial rights, so as to exert pressure on those individuals to accept plea agreements."[74]  In his complaint, Mr. Bramhall alleged the prosecutors in his criminal case implemented this policy by "repeatedly postponing scheduled trial dates with their requests for state mental evaluations for [Mr.] Bramhall, whenever he was refusing to sign plea agreements," resulting in Mr. Bramhall being "illegally incarcerated" for nearly five years.[75]  Mr. Bramhall seeks damages of $20 million.[76]

---

[72] (Ex. Q to MSJ, Stipulated Mot. to Continue, Case No. 081905670 (Utah Third District Court), Doc. No. 123-17.)

[73] (Ex. R to MSJ, Minutes Jury Trial Day Three, Case No. 081905670 (Utah Third District Court), Doc. No. 123-18.)  Mr. Bramhall was tried only on the aggravated robbery charge.  The record indicates a second charge of "threat against life/property" was dismissed with prejudice on January 4, 2012.  (*See id.* at 1.)

[74] (Am. Compl. 10–11, Doc. No. 29; *see also* Order Sustaining in Part and Overruling in Part Pl.'s Obj. to R. & R. 16–17, Doc. No. 102 (summarizing Mr. Bramhall's section 1983 claim against Mr. Gill).)

[75] (Am. Compl. 13–14, Doc. No. 29.)

[76] (*Id.* at 16.)

Mr. Gill moves for summary judgment, arguing (1) monetary relief is not an available remedy for a violation of speedy trial rights; and (2) Mr. Gill is entitled to qualified immunity because Mr. Bramhall cannot show his constitutional right to a speedy trial was violated.[77]

### A.  Availability of Monetary Relief for a Speedy Trial Violation

42 U.S.C. § 1983 creates a cause of action for a plaintiff to seek money damages from state officials who violate the plaintiff's constitutional or federally protected rights.[78]  "A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law."[79]  Here, Mr. Bramhall alleges a violation of the Sixth Amendment to the United States Constitution, which guarantees the right to a speedy trial in criminal cases.[80]

Mr. Gill contends, however, that monetary relief is not available for a Sixth Amendment speedy trial violation.[81]  Instead, Mr. Gill argues legal precedent makes clear that the only available remedy for a speedy trial violation is dismissal of criminal charges.[82]

---

[77] (MSJ, Doc. No. 125.)

[78] *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *Parsons v. Velasquez*, 551 F. Supp. 3d 1085, 1141 (D.N.M. 2021).

[79] *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013).

[80] *See* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . .").

[81] (MSJ 10–12, Doc. No. 125.)

[82] (*Id.*)

In *Barker v. Wingo*,[83] the Supreme Court described dismissal of criminal charges as the "only possible remedy" for a violation of the right to a speedy trial.[84]  The Supreme Court reaffirmed this notion in *Strunk v. United States*,[85] explaining less severe remedies were inadequate "[i]n light of the policies which underlie the right to a speedy trial."[86]  But these decisions addressed remedies for a speedy trial violation in the context of criminal proceedings; they did not address the availability of civil remedies, such as monetary damages under section 1983.  Neither the Supreme Court nor the Tenth Circuit has expressly addressed this issue.

Nevertheless, some district courts have concluded a section 1983 claim for monetary damages based on a speedy trial violation is not cognizable, based on the notion that the sole remedy for such a violation is dismissal of criminal charges.  For example, in *Phillips v. New Mexico*,[87] the District of New Mexico dismissed a section 1983 claim alleging a speedy trial violation, explaining: "The Court cannot grant Plaintiff the only relief available for a violation of the right to a speedy trial, dismissal of the charges, because the District Attorney's Office has already dismissed all charges against Plaintiff."[88]  In *Starks v. Moore*,[89] the Southern District of Indiana granted the defendants' motion for summary judgment on a section 1983 claim based on an alleged speedy trial violation, concluding "monetary damages are not available for [the

---

[83] 407 U.S. 514 (1972).

[84] *Id.* at 522.

[85] 412 U.S. 434 (1973).

[86] *Id.* at 439–40; *see also Betterman v. Montana*, 578 U.S. 437, 444 (2016) (describing dismissal of the charges as "[t]he sole remedy for a violation of the speedy trial right").

[87] No. 22-356-GJF, 2022 U.S. Dist. LEXIS 90141 (D.N.M. May 19, 2022) (unpublished).

[88] *Id.* at *3–4.

[89] 51 F. Supp. 3d 782 (S.D. Ind. 2014).

plaintiff], as the typical remedy for a Sixth Amendment speedy trial violation is dismissal of the charge."[90]  Likewise, in *Batch v. Lauricia*,[91] the Western District of Pennsylvania concluded "monetary damages [] are unavailable to a Section 1983 plaintiff alleging a Sixth Amendment speedy trial violation, as the only remedy for such a violation is dismissal of any criminal charges."[92]

On the other hand, courts in the Eastern District of New York have recognized a section 1983 claim premised on a speedy trial violation as a cognizable claim.  In *Varricchio v. County of Nassau*,[93] the court found the plaintiff stated a plausible claim under section 1983 for violation of his right to a speedy trial, based on allegations that he was detained for two years on a misdemeanor charge before being found not guilty at trial.[94]  In *Brooks v. Panas*,[95] the court recognized "[v]iolations of this constitutional right [to a speedy trial] can be redressed through civil actions brought under Section 1983,"[96] but dismissed the claim for failure to adequately allege the defendants' personal involvement in the speedy trial violation.[97]  But these decisions do not discuss the Supreme Court precedent holding dismissal of criminal charges to be the sole available remedy for speedy trial violations.

---

[90] *Id.* at 797 (citing *Barker*, 407 U.S. at 522).

[91] No. 2:19-cv-01046, 2021 U.S. Dist. LEXIS 154448 (W.D. Pa. Aug. 16, 2021) (unpublished).

[92] *Id.* at *22.

[93] 702 F. Supp. 2d 40 (E.D.N.Y. 2010).

[94] *Id.* at 51.

[95] No. 14-CV-4835 (PKC), 2016 U.S. Dist. LEXIS 18679 (E.D.N.Y. Feb. 16, 2016) (unpublished).

[96] *Id.* at *11 (citing *Varricchio*, 702 F. Supp. 2d at 51).

[97] *Id.* at *11–12.

Where there is no controlling Supreme Court or Tenth Circuit precedent addressing whether monetary relief under section 1983 is available for a speedy trial violation, and some courts have recognized this as cognizable claim, the court proceeds to consider the merits of Mr. Bramhall's claim.  As explained below, even assuming this claim is cognizable, Mr. Gill is entitled to qualified immunity because, based on the undisputed facts, Mr. Bramhall cannot show his right to a speedy trial was violated.  Therefore, the court need not decide whether monetary relief is available under section 1983 for such a violation.

### B.  Qualified Immunity

"[Q]ualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset."[98]  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[99]  When a defendant asserts qualified immunity, the plaintiff bears the burden to show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[100]  If the plaintiff's claim fails on either prong, qualified immunity protects the defendant from suit.[101]

Mr. Gill contends he is entitled to qualified immunity based solely on the first prong, arguing Mr. Bramhall cannot show his Sixth Amendment right to a speedy trial was violated.[102]

---

[98] *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004) (internal quotation marks omitted).

[99] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

[100] *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013).

[101] *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

[102] (*See* MSJ 13, Doc. No. 125 ("Plaintiff cannot meet the first element (violation of a constitutional right) and therefore, an analysis of the second element is unnecessary.").)

Therefore, only the first prong is addressed here.[103]  Further, Mr. Gill's motion focuses only on the issue of whether Mr. Bramhall's right to a speedy trial was violated; the motion does not address the requirement to show that Mr. Gill's actions, specifically, violated Mr. Bramhall's rights.  Because Mr. Gill does not challenge this portion of the first prong, the court also does not address it, beyond simply noting that Mr. Bramhall presented no evidence on summary judgment of Mr. Gill's involvement in the alleged speedy trial violation.[104]  Instead, the court's analysis is limited to the argument raised by Mr. Gill—namely, that no speedy trial violation occurred.

To determine whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated, courts apply a four-factor balancing test established in *Barker v. Wingo*.[105]  These factors are "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant."[106]  "None of the factors are necessary or sufficient; rather, the factors are related and should be considered together with other relevant circumstances."[107]

---

[103] *See Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013) (The court has "discretion to address either prong first.").

[104] For example, Mr. Bramhall presented no evidence that Mr. Gill developed a policy, or allowed a policy to develop, of denying speedy trial rights, as alleged in his complaint.  (Am. Compl. 10–11, Doc. No. 29.)

[105] 407 U.S. 514 (1972); *see also United States v. Koerber*, 10 F.4th 1083, 1109 (10th Cir. 2021).

[106] *Koerber*, 10 F.4th at 1109 (citing *Barker*, 407 U.S. at 530).

[107] *Id.* (internal quotation marks omitted).

1. <u>Length of the Delay</u>

Before the other *Barker* factors are considered, a criminal defendant must show the delay "has crossed the threshold dividing ordinary delay from presumptively prejudicial delay."[108] "The length of delay is measured from the time at which the speedy trial right attaches: the earlier of either arrest or indictment."[109] "Delays approaching one year generally satisfy the requirement of presumptive prejudice."[110] If this initial threshold is satisfied, the court considers the length of the delay along with the other *Barker* factors.[111]

The delay in Mr. Bramhall's case easily passes the threshold for presumptive prejudice. Mr. Bramhall's first trial in March 2016 occurred more than seven years after he was arrested and charged in July 2008. His second trial in July 2017 was more than a year after the first trial and nearly nine years after he was arrested and charged. The substantial length of this delay weighs in favor of Mr. Bramhall, as Mr. Gill acknowledges.[112]

2. <u>Reason for the Delay</u>

The second *Barker* factor, the reason for the delay, is "especially important, and the burden is on the government to provide an acceptable rationale for the delay."[113]

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless

---

[108] *United States v. Hicks*, 779 F.3d 1163, 1167 (10th Cir. 2015) (internal quotation marks omitted).

[109] *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006).

[110] *Id.*

[111] *Hicks*, 779 F.3d at 1168.

[112] (*See* MSJ 14, Doc. No. 125.)

[113] *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010) (internal quotation marks omitted).

should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.  Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.[114]

Unexplained delays are attributable to negligence by the government.[115]  However, "[d]elays attributable to the defendant do not weigh against the government."[116]  If a "defendant's actions were the primary cause of the delay, the second factor weighs heavily against him."[117]  Further, courts have found no Sixth Amendment violation where the reason for the delay is to determine competency.[118]

Even viewing the facts in the light most favorable Mr. Bramhall, the vast majority of the delays in his case are attributable to Mr. Bramhall and his counsel.  The case records show trial settings were vacated ten times, for the following reasons:

---

[114] *Barker*, 407 U.S. at 531; *see also Larson*, 627 F.3d at 1208.

[115] *See Jackson v. Ray*, 390 F.3d 1254, 1262 (10th Cir. 2004); *United States v. Trujillo*, No. CR 02-2019 MCA, 2005 U.S. Dist. LEXIS 60224, at *19 (D.N.M. Sep. 27, 2005) (unpublished).

[116] *Larson*, 627 F.3d at 1208 (internal quotation marks omitted).

[117] *Id.* (internal quotation marks omitted).

[118] *See United States v. Summers*, 479 F. App'x 159, 161–62 (10th Cir. 2012) (unpublished) (finding no Sixth Amendment violation where a fourteen-month delay between arraignment and guilty plea was due to defense counsel filing a motion challenging the defendant's competency and the resulting mental health evaluation which took six months to complete); *Johnson v. United States*, 333 F.2d 371, 374 (10th Cir. 1964) ("Appellant can not complain of the denial of his constitutional right to a speedy trial . . . while confined in a Federal mental institution . . . for the very purpose of determining his competency to stand trial."); *Marker v. Lathorp*, No. 1:18-cv-00719-JB-LF, 2020 U.S. Dist. LEXIS 72837, at *15 (D.N.M. Apr. 23, 2020) (unpublished) ("Generally, a criminal defendant cannot establish a denial of his Sixth Amendment right to a speedy trial if the reason for the delay is to determine competency."); *see also United States v. Murphy*, 241 F.3d 447, 454–55 (6th Cir. 2001) (finding time for competency evaluation on request of a defendant's attorney excludable under Speedy Trial Act, despite the defendant's objection to his attorney's request).

| Vacated Trial Settings | Reason for Continuance |
|---|---|
| January 6–8, 2009 | Motion to continue filed by Mr. Bramhall's counsel[119] |
| February 10–12, 2009 | Petition to determine competency filed by Mr. Bramhall's counsel[120] |
| March 30–April 1, 2010 | Motion to continue filed by Mr. Bramhall's counsel[121] |
| September 14–16, 2010 | Stipulation for competency evaluation "based primarily on the concerns of [Mr. Bramhall's counsel]"[122] |
| April 26–29, 2011 | Motion to continue filed by Mr. Bramhall's counsel[123] |
| October 4–7, 2011 | Motion to continue filed by Mr. Bramhall's counsel and Mr. Bramhall's pro se motion to represent himself[124] |
| January 30–February 3, 2012 | Petition to determine competency filed by Mr. Bramhall's counsel and Mr. Bramhall's pro se motion to remove his attorneys[125] |

---

[119] (*See* Ex. C to MSJ, Dec. 21, 2011 Order 7, Case No. 081905670 (Utah Third District Court), Doc. No. 123-3.)

[120] (*See id.*)

[121] (*See id.* at 9.)

[122] (*See id.*)

[123] (*See id.* at 10.)

[124] (*See id.*)

[125] (*See* Ex. E to MSJ, "Mot. for Relief of Counselors," Case No. 081905670 (Utah Third District Court), Doc. No. 123-5; Ex. F to MSJ, Pet. for Inquiry into Competency to Proceed, Case No. 081905670 (Utah Third District Court), Doc. No. 123-6.)

| September 29–October 3, 2014 | Motion to continue filed by Mr. Bramhall's counsel[126] |
| --- | --- |
| January 5–9, 2015 | Unopposed motion to continue filed by the prosecution to allow Mr. Bramhall to meet the statutory notice requirements for an expert witness he intended to utilize at trial[127] |
| September 19–21, 2016 | Motion to continue filed by Mr. Bramhall's counsel[128] |

Thus, all but one of these trial settings were vacated as a result of actions by Mr. Bramhall or his counsel—including motions to continue filed by Mr. Bramhall's counsel, competency evaluations requested by Mr. Bramhall's counsel, and Mr. Bramhall's pro se requests to remove his counsel and to represent himself. These delays are attributable to Mr. Bramhall and do not weigh against the government. Further, the single continuance solely requested by the prosecution was to allow Mr. Bramhall to meet statutory notice requirements for an expert witness, and Mr. Bramhall's counsel did not object to it. Thus, this unopposed continuance was for a valid purpose which benefited Mr. Bramhall. Accordingly, this delay also does not weigh against the government.

Further, the periods when Mr. Bramhall was undergoing competency evaluations or treatment to restore competency are not attributable to the government. Mr. Bramhall suggests these repeated competency evaluations were a ploy to deny him a speedy trial and to force him to

---

[126] (*See* Ex. N to MSJ, Mot. to Continue, Case No. 081905670 (Utah Third District Court), Doc. No. 123-14.)

[127] (*See* Ex. O to MSJ, State's Mot. to Continue Trial, Case No. 081905670 (Utah Third District Court), Doc. No. 123-15.)

[128] (*See* Ex. Q to MSJ, Stipulated Mot. to Continue, Case No. 081905670 (Utah Third District Court), Doc. No. 123-17.)

accept a plea deal.[129]  Mr. Bramhall submitted an unsworn "affidavit" stating "[e]ach time a trial was set[,] [Mr.] Gill's subordinate Parrish would stop the upcoming trial and arrange yet another psychological evaluation, all against Mr. Bramhall's wishes."[130]  But the records from his criminal case show all the competency evaluations were performed at Mr. Bramhall's counsel's request, or on stipulated motions based primarily on his counsel's concerns.  Mr. Bramhall fails to identify any evidence, aside from his own unsworn assertion, that the prosecution was responsible for any of these evaluations being conducted.  The mere fact that the prosecution stipulated to some of the competency evaluations requested by Mr. Bramhall's counsel does not render the prosecution responsible for the resulting delays.

Nevertheless, the criminal case record contains several gaps between continuances and subsequent trial settings which are not fully explained.  Mr. Bramhall's first trial began on March 28, 2016, nearly fifteen months after the last vacated trial setting of January 5 through 9, 2015 (which was vacated on the prosecution's unopposed motion).  Neither party offers any explanation or evidence regarding the reasons for this nearly fifteen-month delay.  After the first trial resulted in a hung jury, a second trial was scheduled in September 2016.  The trial was continued on Mr. Bramhall's counsel's motion, and the second trial was ultimately held nine-and-a-half months after the vacated setting, in July 2017.  Although this continuance was attributable to Mr. Bramhall's counsel, neither party offers any explanation or evidence regarding the reasons for the length of the delay between the continuance and the second trial.  Interpreting these gaps in the light most favorable to Mr. Bramhall, approximately twenty-four

---

[129] (See Am. Compl. 13–14, Doc. No. 29; see also Bramhall Aff. ¶¶ 3–5, Doc. No. 129-1.)

[130] (Bramhall Aff. ¶ 5, Doc. No. 129-1.)  Another individual, Walter L. Wagner, also submitted an unsworn affidavit on Mr. Bramhall's behalf.  (See Wagner Aff., Doc. No. 129-2.)  Mr. Wagner's unsworn statement primarily consists of personal opinions and legal argument.

months, or two years, of the delays in Mr. Bramhall's case are not fully explained and, therefore, potentially attributable to the government—even though they were preceded by continuances either requested or unopposed by Mr. Bramhall's counsel.

Considering the full procedural history, however, it is apparent the vast majority of the delays in Mr. Bramhall's case were the result of his own actions or his counsel's requests for continuances and competency evaluations—reasons which are not attributable to the government.  At most, approximately two years of delays are potentially attributable to the government because they are not fully explained.  Thus, even viewing the record in the light most favorable to Mr. Bramhall, the lengthy delays in his case were primarily attributable to Mr. Bramhall and his counsel.  Accordingly, this "especially important" factor weighs heavily against Mr. Bramhall.

3.   Assertion of the Speedy Trial Right

"The third factor, a defendant's assertion of his speedy trial right, is also given strong evidentiary weight."[131]   Under this factor, the court considers "whether the defendant 'actively' asserted his right, which requires more than merely 'moving to dismiss after the delay has already occurred.'"[132]   In other words, the court considers "whether the defendant's behavior during the course of litigation evinces a desire to go to trial."[133]   "In assessing a defendant's assertion of the right, it is appropriate to consider 'the frequency and force of [his] objections.'"[134]   "[I]f the defendant fails to demand a speedy trial, moves for many continuances,

---

[131] *Larson*, 627 F.3d at 1208.

[132] *Koerber*, 10 F.4th at 1110 (quoting *Batie*, 433 F.3d at 1291).

[133] *Id.* (internal quotation marks omitted).

[134] *Hicks*, 779 F.3d at 1168 (alteration in original) (quoting *United States v. Margheim*, 770 F.3d 1312, 1328 (10th Cir. 2014)).

or otherwise indicates that he is not pursuing a swift resolution of his case, this factor weighs heavily against [him]."[135]

Mr. Bramhall asserted his right to a speedy trial in motions to dismiss filed by his counsel in 2011 and 2013.  In opposition to Mr. Gill's summary judgment motion, Mr. Bramhall also submitted copies of several handwritten documents from 2009 which he argues were attempts to assert his speedy trial rights.[136]  However, as explained above, all delays up to those points in the case were attributable to Mr. Bramhall and his counsel.  Mr. Bramhall has not identified any evidence that he continued to assert his speedy trial rights after his second motion to dismiss was denied.  Further, Mr. Bramhall's conduct throughout the case does not otherwise indicate he was pursuing a swift resolution.  As described above, Mr. Bramhall's counsel requested numerous continuances, and Mr. Bramhall himself caused delays by filing pro se motions to remove his counsel and to represent himself.  Accordingly, this factor weighs heavily against Mr. Bramhall.

### 4.  Prejudice

For the fourth *Barker* factor, whether the delay prejudiced the defendant, "the burden of proof is on the defendant."[137]  "Depending upon the circumstances of the case, this burden can

---

[135] *Id.* (alterations in original) (quoting *United States v. Gould*, 672 F.3d 930, 938–39 (10th Cir. 2012)).

[136] (*See* Opp'n to MSJ 7–8, Doc. No. 129; Ex. A to Opp'n to MSJ, Doc. No. 129 at 11–31.) Exhibit A consists of three handwritten documents with 2009 dates.  The first document, (*id.* at 12–18), appears to be a motion filed in federal court in which Mr. Bramhall alleged his speedy trial rights in the state criminal case were being violated, among many other complaints.  (*Id.* at 17.)  The second document, (*id.* at 19–28), appears to be a letter addressed to various government officials but is largely illegible.  The third document, (*id.* at 29–31), is a "motion for stay of transport" filed in the criminal case in which he stated he had been demanding a trial by jury since his arrest on July 23, 2008.  (*Id.* at 30.)

[137] *Larson*, 627 F.3d at 1208–09.

be satisfied with or without a particularized showing of prejudice."[138]  "In cases of extreme delay, the defendant may rely on the presumption of prejudice and need not present specific evidence of prejudice."[139]

      a.  <u>Extreme Delay</u>

"Generally, the court requires a delay of six years before allowing the delay itself to constitute prejudice."[140]  However, the court "should consider only the delay attributable to the government, and not the delay attributable to the defendant, when deciding whether to require a specific showing of prejudice."[141]

Although the delay in Mr. Bramhall's case exceeded six years, the delay attributable to the government did not.  As explained above, viewing the facts in the light most favorable to Mr. Bramhall, only approximately two years of delays are inadequately explained and, therefore, potentially attributable to the government.  This does not meet the threshold required for extreme prejudice.  Accordingly, Mr. Bramhall must make a particularized showing of prejudice.[142]

      b.  <u>Particularized Showing of Prejudice</u>

Mr. Bramhall has the burden to "make a particularized showing of prejudice which addresses the interests the speedy trial right was designed to protect, which include '(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of

---

[138] *Id.* at 1209 (internal quotation marks omitted).

[139] *Id.*

[140] *Id.* (internal quotation marks omitted).

[141] *Hicks*, 779 F.3d at 1168–69 (citing *Doggett v. United States*, 505 U.S. 647, 657–58 (1992)).

[142] *See id.* at 1169 (requiring a particularized showing of prejudice where the delay attributable solely to the government did not exceed six years).

the accused; and (iii) [the] minimization of the possibility that the defense will be impaired.'"[143] "Impairment of the defense is the most important of these interests, and prevention of oppressive pretrial incarceration is the second most important."[144]

With respect to pretrial incarceration, Mr. Bramhall was incarcerated for approximately four-and-a-half years, from his arrest on July 23, 2008, until his release on January 10, 2013. He was later committed to the custody of the Department of Human Services for competency restoration for an additional six-and-a-half months, between November 1, 2013, and May 13, 2014. However, the delays during these periods were not attributable to the government, as explained above. During the approximately two years of unexplained delays potentially attributable to the government, Mr. Bramhall was not incarcerated. Therefore, although Mr. Bramhall did suffer pretrial incarceration, it was not as a result of delays attributable to the government.

With respect to minimization of anxiety and concern, the Tenth Circuit "require[s] the defendant to show some special harm suffered which distinguishes his case."[145] Mr. Bramhall has presented no such evidence.

Finally, Mr. Bramhall has not shown his defense was impaired—indeed, it is unclear how he could make such a showing given he was ultimately acquitted.[146] In any event, to meet this

---

[143] *Id.* at 1169 (alteration in original) (quoting *Larson*, 627 F.3d at 1209).

[144] *Id.* (internal quotation marks omitted).

[145] *Id.* (quoting *Gould*, 672 F.3d at 939).

[146] *See Hinshaw v. United States*, No. 08 CV 5742, 2010 U.S. Dist. LEXIS 13250, at *29–30 (N.D. Ill. Feb. 16, 2010) (unpublished) (noting acquittal at trial suggested lack of impairment to the defense); *cf. United States v. MacDonald*, 435 U.S. 850, 859 (1978) (suggesting a speedy trial claim "would be largely satisfied by an acquittal resulting from the prosecution's failure to carry its burden of proof").

factor, the Tenth Circuit requires a criminal defendant to specify how his defense was hampered by the delay, such as "the loss of specific evidence or the unavailability of certain witnesses."[147] Mr. Bramhall has offered no such evidence.

For these reasons, Mr. Bramhall has failed to make a particularized showing of prejudice resulting from delay attributable to the government as to any of the interests the speedy trial right was designed to protect.  This factor weighs against him.

5.   Balancing of Factors

Balancing all these factors, and viewing the facts in the light most favorable to Mr. Bramhall, Mr. Bramhall cannot demonstrate his right to a speedy trial was violated.  Although the first factor weighs in Mr. Bramhall's favor due to the substantial length of the delay in his case, all other factors weigh against him.  The "especially important" second factor, reasons for the delay, weighs heavily against Mr. Bramhall, where the vast majority of the delay was attributable to Mr. Bramhall, his counsel, and competency evaluations requested by his counsel—not the government.  The third factor, assertion of the right, also weighs heavily against Mr. Bramhall, where there is no evidence he asserted his speedy trial right after 2013, and none of the delay up to that point was attributable to the government.  Finally, Mr. Bramhall's case does not meet the threshold for extreme delay, and Mr. Bramhall failed to make any particularized showing of prejudice.

Because Mr. Bramhall cannot demonstrate his Sixth Amendment right to a speedy trial was violated, Mr. Gill is entitled to qualified immunity on Mr. Bramhall's section 1983 claim. Mr. Bramhall cannot show Mr. Gill developed a policy (or allowed a policy to develop) which deprived him of his speedy trial rights without showing his rights were violated in the first place.

---

[147] *Hicks*, 779 F.3d at 1169.

<u>RECOMMENDATION</u>

Mr. Gill is entitled to qualified immunity because, based on the undisputed facts, Bramhall cannot demonstrate his Sixth Amendment right to a speedy trial was violated. Therefore, the undersigned RECOMMENDS the chief district judge GRANT the motion for summary judgment and enter judgment in favor of Mr. Gill on Mr. Bramhall's section 1983 claim.

The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object to it.  Any objection must be filed within fourteen days of service.[148]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[148] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).