IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EARLE E. BRAMHALL,<br><br>    Plaintiff,<br><br>v.<br><br>SIMARJIT S. GILL,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING SUMMARY JUDGMENT**<br><br>Case No.: 2:19-cv-00477-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Plaintiff Earle E. Bramhall's Objection[1] to Magistrate Judge Daphne A. Oberg's Report and Recommendation,[2] in which Judge Oberg recommends that Defendant Simarjit S. Gill's Motion for Summary Judgment[3] be granted.  For the reasons stated below, Bramhall's Objections are OVERRULED, the Report and Recommendation is ADOPTED in its entirety, and Gill's Motion for Summary Judgment is GRANTED.

## BACKGROUND

This case arises out of the five-year pretrial incarceration of Bramhall, following state criminal charges filed against him in Salt Lake County, Utah.[4]  Bramhall was eventually acquitted on the charges, the case expunged, and the file sealed.[5]  The judge in those proceedings

---

[1] Dkt. 148, *Plaintiffs*[sic] *Response to the Magistrate Recommendation*; Dkt. 149, *Plaintiffs*[sic] *Revised Response to the Magistrate Recommendation* (*Objection*).  Bramhall filed two substantively similar Responses with only minor formatting changes made to the second Revised Response.  *Compare* Dkt. 148, *with* Dkt. 149.  The court therefore relies on the Revised Response in this Order.

[2] Dkt. 147, *Report and Recommendation to Grant Defendant's Motion for Summary Judgment* (*Report*).

[3] Dkt. 123, *Defendant Simarjit S. Gill's Motion for Summary Judgment* (*Motion*).

[4] *See* Dkt. 123-1, *Motion Ex.A* at 1–2 (State Information): Dkt. 129, *Plaintiffs*[sic] *Reply to Defendants*[sic] *Motion for Summary Judgment* (*Opp. to MSJ*) at 12–14 (listing arrest date as July 23, 2008); Dkt. 123-9, *Order for Release to Pre-Trial Services* (dated Jan. 10, 2013).

[5] *See Motion* at 1 n.3.

released the court records for the parties to use in a civil action.[6]  Both parties rely upon these documents in their filings without dispute.[7]  Accordingly, the court relies on facts from the state court records provided by the parties.  Unless otherwise noted, the facts are undisputed.

In July 2008, Bramhall was taken into police custody and charged with aggravated robbery and terroristic threat.[8]  The court scheduled trial for January 2009 (Trial 1).[9]  Two months before trial, defense counsel Michael Peterson (Counsel 1) indicated Bramhall was being evaluated for mental health issues.[10]  Against Bramhall's wishes, Peterson requested a continuance (First Continuance) the next month due to ongoing evaluations and his "significant concerns about competency."[11]

The court rescheduled trial for February 2009 (Trial 2). [12]  But in February, Peterson filed a Petition with the court to determine Bramhall's competency to stand trial.[13]  The parties stipulated to cancel the trial dates (Second Continuance) in light of the pending Petition.[14]  A competency hearing was set and then re-set on Bramhall's motion.[15]  In the interim, Peterson withdrew and the court appointed defense counsel Lawrence Sleight (Counsel 2).[16]

---

[6] *See id.*

[7] *See generally Motion Exhs. A–S*; *Opp. to MSJ* at 29–31; Dkt. 129-1, *Affidavit of Plaintiff* at 6–64.

[8] *Motion Exh. A* at 1–2.

[9] *Motion Exh. C* at 7.  The court relies extensively on Exhibit C, an Order filed in Bramhall's criminal state court proceedings detailing the procedural history of that case.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 8.

[16] *Id.*  Bramhall contends Peterson "did not personally request to withdraw," he was fired.  *Opp. to MSJ* at 2. Even in instances where counsel is fired, they must still withdraw before the court.  Thus, there is no genuine dispute over this fact.

At the competency hearing, the court found Bramhall incompetent and unable to proceed.[17]  The court ordered transport to Utah State Hospital for restoration services and set a competency review hearing for August 2009.[18]  Bramhall objected to transport and filed several handwritten requests to stay the transport, without consulting Sleight.[19]  In response, the court ordered Bramhall to file all motions through counsel, re-ordered transport, and continued the competency review hearing until November.[20]  After two more continuances—one based on stipulation of counsel, the other on Bramhall's motion—a competency review hearing was finally held in January 2010 and Bramhall was found competent to proceed.[21]  The court set trial for March 2010 (Trial 3).

Prior to Trial 3, Bramhall filed more pro se motions, including requests for a continuance (Third Continuance) and new counsel.[22]  Based on concerns from both Sleight and the prosecutor, although primarily due to Sleight's struggles to provide adequate representation, the court ordered another evaluation of Brimhall's competency.[23]

On May 24, 2010, Bramhall was found competent to proceed and the court set trial for September 2010 (Trial 4).  The parties, however, stipulated to another competency evaluation "primarily on the concerns of Sleight" (Fourth Continuance).[24]  Following this, Bramhall filed

---

[17] *Id.*

[18] *Exh. C* at 8.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Motion Exh.C* at 9.

several pro se complaints with the court concerning Sleight's representation and the court ordered him to withdraw as counsel.[25]

Bramhall acquired new counsel, Jeremy Delicino (Counsel 3), and trial was set for April 2011 (Trial 5).[26] The parties again stipulated to continue trial (Fifth Continuance), this time due to a conflict in Delicino's schedule.[27] Delicino then filed a motion to suppress in May 2011 which was set for oral arguments before the parties reached a stipulation.[28] Having resolved the preliminary issues, trial was set for October 2011 (Trial 6).

In September 2011, a month before trial, Bramhall submitted a pro se letter to the court requesting a continuance (Sixth Continuance) and to represent himself at trial.[29] The court reset trial for January 2012 (Trial 7) and set a hearing on the motion for self-representation.[30] At the same time, Bramhall also filed a motion to dismiss in state court based on alleged speedy trial violations (MTD 1).[31] The court denied the motion, finding nearly the entire three-and-a-half years delay between charges and trial was caused by Bramhall or his counsel.[32] And the court found Bramhall had not alleged prejudice, nor could the court find he suffered any from the delay.[33] The case proceeded toward Trial 7.

---

[25] *Id.*

[26] *Motion Exh. C* at 10.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Motion Exh. C* at 10–11.

[31] *Id.* at 11; *see also Motion Exh. S.*

[32] *Motion Exh. C* at 4–5.

[33] *Id.* at 5.

Three days before the January 2012 trial, Bramhall and his counsel filed competing motions.[34]  Bramhall filed a pro se motion to remove his attorneys from the case.[35]  Delicino filed a petition to evaluate Bramhall's competency.[36]  Based on Bramhall's recent court filings and their interactions, Delicino believed Bramhall's mental state was deteriorating.[37]  Delicino specifically requested a neuropsychologist for the evaluation.[38]  Given Bramhall's mental issues stemmed from a traumatic brain injury, a neuropsychologist was the most qualified to evaluate competency.[39]  Accordingly, the court vacated trial (Seventh Continuance) and ordered a competency evaluation.[40]

On August 28, 2012, the court found Bramhall incompetent to stand trial and ordered restoration services.[41]  Bramhall was released from custody five months later, contingent upon attending outpatient treatment and his provider filing monthly progress reports with the court.[42]

In August 2013, Delicino withdrew, citing a conflict of interest between himself and Bramhall.[43]  Christopher G. Bown entered an appearance (Counsel 4),[44] requested a trial, and argued to dismiss the case for alleged violations of Bramhall's speedy trial rights (MTD 2).[45]

---

[34] *Motion Exh. E* (*Motion for Relief of Counselors*); *Motion Exh. F* (*Petition for Inquiry Into Competency to Proceed*).

[35] *Motion Exh. E.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Motion Exh. G* (*Order Re: Competency*).

[41] *Id.*

[42] *Motion Exh. I* (*Order for Release to Pre-Trial Services*).

[43] *Motion Exh. J* (*Motion for Substitution of Conflict Counsel and Notice of Next Court Appearance*).

[44] *Id.*

[45] *Motion Exh. K* (*Order Re: Motion to Dismiss*).

Despite a delay of over five years, the court denied the motion in a written opinion on November 1, 2013.[46]  The court found the majority of delay was attributable to Bramhall.[47]  In fact, the court noted the State had been prepared to proceed with its evidence every time the case had been set for trial.[48]  And the court found the time elapsed did not hurt either party's ability to mount their case.[49]  Finally, the court found "only cursory efforts" had been made in the prior year to restore Bramhall to competency.[50]  The court ordered Bramhall committed to state custody for further mental health treatment so he could stand trial.[51]

Five months later, in May 2014 Bramhall was found competent for trial.[52]  Trial was set for September 2014 (Trial 8).[53]  Shortly before trial was to begin, Bown received new information from the prosecutor.[54]  Consequently, Bown filed a continuance (Eighth Continuance) and trial was reset for January 2015 (Trial 9).[55]  The State subsequently filed a motion for another continuance (Ninth Continuance) to allow the defense additional time to acquire an expert witness.[56]  Bown did not object to the continuance.[57]

---

[46] *See generally Exh. K.*

[47] *Exh. K* at 2.

[48] *Exh. K* at 2.

[49] *Exh. K* at 2.

[50] *Exh. K* at 3.

[51] *Exh. K* at 3.

[52] *Motion Exh. M.*

[53] *Motion Exh. N.*

[54] *Motion Exh. N.*

[55] *Motion Exh. O.*

[56] *Motion Exh. O* (*State's Motion to Continue Trial*).

[57] *Motion Exh. O.*

Bramhall's trial was held in March and April 2016.[58]  The trial ended in a hung jury so another trial was scheduled for September 2016.[59]  On September 6, 2016, Bramhall filed a stipulated motion to continue trial to allow his expert additional time to prepare (Tenth Continuance).[60]  The second trial was held July 2017, at which Bramhall was acquitted.[61]

## PROCEDURAL HISTORY

On July 10, 2019 Bramhall filed this action against numerous Defendants.[62]  As relevant here, Bramhall filed claims against Salt Lake County prosecutors for their roles in the state court proceedings.[63]  After the Defendants filed Motions to Dismiss, Bramhall filed the governing Amended Complaint.[64]  The Defendants then moved to dismiss the Amended Complaint, arguing it failed to state a claim for relief.[65]

On January 25, 2021, Judge Oberg issued a Report and Recommendation recommending dismissal with prejudice all of Bramhall's claims.[66]  Bramhall timely objected to each conclusion in the Report and Recommendation, and the undersigned evaluated the Report and Recommendation de novo.[67]  Upon review, this court concluded one claim survived—a claim

---

[58] *Motion* at 7, ¶ 37.  There is no evidence to support this fact but Bramhall did not dispute this assertion so the court accepts it as undisputed.

[59] *Motion Exh. P.*

[60] *Motion Exh. Q.*

[61] *Motion Exh. R.*

[62] Dkt. 3, *Original Complaint.*

[63] *See generally id.*

[64] Dkt. 29 (Amended Complaint).

[65] Dkt. 85, Dkt. 86.

[66] Dkt. 94.

[67] *See* Dkt. 95.

brought under 42 U.S.C. § 1983 against Salt Lake County District Attorney Simarjit Gill for violating Bramhall's constitutional right to a speedy trial.[68]

Gill later filed a Motion for Summary Judgment to dismiss Bramhall's § 1983 claim on April 20, 2022,[69] arguing Bramhall's claim fails for two reasons: (1) the requested relief is unavailable, and (2) the claim is barred by qualified immunity because Bramhall cannot demonstrate his constitutional rights were violated.[70]  Relying on the facts outlined above as reflected in the state court docket filings, Gill argued Bramhall could not show a violation of speedy trial rights as a matter of law.[71]

In response, Bramhall argued many of the continuances, changes of counsel, and psychological evaluations were requested due to the fact that—in opposition to the prosecutor and his attorneys—Bramhall wanted to take the case to trial and refused to accept a plea offer.[72] He argued Gill's subordinates were part of a ploy with defense counsel to quiet Bramhall from speaking the truth.[73]  According to Bramhall, Gill directed his prosecutors to press Bramhall into pleading guilty and used unapproved psychologists to evaluate Bramhall's competency.[74]  To support these facts, Bramhall relies on his own affidavit[75] and one from Walter L. Wagner, a former lawyer who attended many of Bramhall's court hearings to "examine[] the procedure for

---

[68] Dkt. 102, *Order Sustaining in Part and Overruling in Part Plaintiff's Objection to Report and Recommendation* at 14–15.

[69] *See* Dkt. 123, *Motion.*

[70] *Id.* at 12–14.

[71] *Id.* at 12–18.

[72] *Opp. to MSJ* at 2–3.

[73] *Opp. to MSJ* at 2–3.

[74] *Affidavit of Plaintiff* at 2.

[75] *See generally id.*

waiving of time."[76]  Wagner stated it was his belief that the repeated delays for competency

evaluations were a ruse set up by Gill and a jury would conclude Bramhall was denied his right

to a speedy trial.[77]

Judge Oberg issued the Report on January 31, 2023.[78]  Based on the undisputed facts, she

concluded Gill was entitled to qualified immunity because Bramhall was unable to demonstrate

his constitutional right to a speedy trial was violated.[79]  Judge Oberg applied a four-factor

balancing test established in *Barker v. Wingo* to make this determination, looking at "(1) the

length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4)

the prejudice to the defendant."[80]  Acknowledging the first factor weighed in Bramhall's favor,

Judge Oberg nevertheless concluded the other three factors weighed against Bramhall because

the majority of the delay was attributable to him, he did not assert his speedy trial rights after

2013, and he failed to make any particularized showing of prejudice.[81]  Judge Oberg

recommended granting the Motion and entering judgment in favor of Gill on the § 1983 claim.[82]

Bramhall filed his Objection on February 13, 2023.[83]  He initially argues this court

previously held Gill could be liable and thus the law of the case doctrine precludes granting the

Motion for Summary Judgment.[84]  On the merits, Bramhall argues Gill is not entitled to qualified

immunity because his speedy trial rights were violated.  He argues the delays were not

---

[76] Dkt. 129-2, *Affidavit of Walter L. Wagner in Rebuttal to Motion for Summary Judgment* at 2.

[77] *Wagner Affidavit* at 3, 7.

[78] Dkt. 147.

[79] *Report* at 1.

[80] *Report* at 17 (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

[81] *Report* at 27.

[82] *Report* at 28.

[83] Dkt. 149.

[84] *Objection* at 6.

attributable to him, and he frequently asserted his right to a speedy trial.[85]  For the first time, he

claims he did not ask the court for continuances but "was forced to go along with the delays [his]

'lawyers' caused under threat of lengthy civil involuntary confinement," additional evaluations,

or postponing trial if he did not do as they requested.[86]  And he points to his 2011 and 2013

motions to dismiss, as well as a 2009 habeas corpus petition filed in this court, to show he

asserted his right to a speedy trial.[87]

      Having evaluated the relevant briefings and filings, the court now turns to the arguments.

### Legal Standard

      Bramhall is a pro se litigant.  Pro se litigants are held to less stringent standards than

parties formally represented by lawyers,[88] and their filings are "to be liberally construed."[89]  A

litigant's pro se status, however, "does not excuse the obligation . . . to comply with the

fundamental requirements of the Federal Rules of Civil . . . Procedure."[90]  It is not "the proper

function of the district court to assume the role of advocate for the pro se litigant."[91]

      Under Federal Rule of Civil Procedure 72(b)(3), when a party objects to a magistrate

judge's recommended disposition, "[t]he district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to."[92]  To qualify as a proper

---

[85] *See Objection* at 2.

[86] *Id.* at 1–2.

[87] *Id.* at 2.

[88] *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[89] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotation marks omitted).

[90] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[91] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[92] Fed. R. Civ. P. 72(b)(3); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citations omitted).

objection that triggers de novo review, the objection must be both timely and specific.[93]  Indeed, "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act[.]"[94]

A failure to file a timely, specific objection generally precludes de novo review by the district court or on appeal.[95]  Untimely or vague objections are reviewed "under any standard [the court] deems appropriate."[96]  This court generally reviews unobjected-to portions of a report and recommendation for clear error.[97]

The underlying Motion for Summary Judgment is brought under Federal Rule of Civil Procedure 56(a).[98]  Summary judgment is appropriate under Rule 56(a) if the movant demonstrates there is "no genuine dispute as to any material fact" and it is "entitled to judgment

---

[93] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[94] *Id.*

[95] *See id.* ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. . . . [T]he waiver rule as a procedural need not be applied when the interest of justice so dictate." (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[96] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also One Parcel of Real Prop.*, 73 F.3d at 1060 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (citation omitted)).

[97] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[98] *Motion* at 8.

as a matter of law."[99]  Summary judgment is appropriate if the evidence, viewed objectively, would allow the jurors to come to only one conclusion.[100]

"[T]he moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment."[101]  Where the moving party does not carry the burden of persuasion at trial, to obtain summary judgment it need only produce evidence negating an essential element of the nonmovant's claim or show the nonmovant lacks evidence to establish its claim.[102]

"To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case.  The nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial."[103]  Facts may be pulled from parts of the record, including depositions, documents, affidavits, or other materials.[104]  "So long as an affidavit is based upon personal knowledge and sets forth facts that would be admissible in evidence, it is legally competent to oppose summary judgment, irrespective of its self-serving nature."[105]

Finally, "[w]hen a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff who must clear" additional hurdles to defeat the motion.[106]  The

---

[99] Fed. R. Civ. P. 56(a).

[100] *See Janny v. Gamez*, 8 F.4th 883, 898–99 (10th Cir. 2021), *cert. dismissed sub nom. Carmack v. Janny*, 142 S. Ct. 878 (2022).

[101] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (internal quotation marks and citations omitted).

[102] *Id.*

[103] *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016–17 (10th Cir. 2001) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).

[104] Fed. R. Civ. P. 56(c)(1)(A).

[105] *Janny,* 8 F.4th at 900.

[106] *Riggins v. Goodman*, 572 F.3d 1101, 11.

plaintiff must demonstrate the defendant violated his constitutional rights and the right was clearly established.[107]  While the court views the evidence "in the light most favorable to the nonmoving party," in this procedural posture, the plaintiff "must clearly demonstrate [he] has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity."[108]  Because qualified immunity is an affirmative defense providing immunity from suit, if a plaintiff cannot make this showing, summary judgment for the defendant is proper.[109]

## ANALYSIS

The court reviews the Report and Recommendation in two steps.  First, the court will review de novo the conclusions to which Bramhall has timely and specifically objected.  Second, the court will review the remainder for clear error.

### I.      De Novo Review of Specific Objections

Gill filed his Motion for Summary Judgment arguing, in part, that Bramhall's § 1983 claim is barred by qualified immunity because Bramhall cannot demonstrate his constitutional speedy trial right was violated.[110]  On January 31, 2023, Judge Oberg agreed and recommended granting judgment in Gill's favor.[111]  Bramhall timely filed his Objection within fourteen days of being served a copy of it.[112]  Construed liberally, Bramhall raises two specific arguments in his Objection: (1) the court already ruled Gill could be held liable and this finding controls under the

---

[107] *See id.*

[108] *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877–78 (10th Cir. 2014) (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)).

[109] *See Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015).

[110] *Motion* at 12.

[111] *Report* at 28.

[112] *See Report* (filed Jan. 31, 2023); *Objection* (filed Feb. 13, 2023).

law of the case doctrine, (2) Gill is not entitled to qualified immunity because the facts demonstrate he violated Bramhall's constitutional right.[113]  The court addresses each in turn.

### a.     Law of the Case Doctrine

Bramhall first claims Judge Oberg erred in recommending summary judgment on qualified immunity grounds because the court "previously said Mr. Gill's office could be held liable," and this ruling governs under the law of the case doctrine "as this court's previous decision denying summary judgment was not appealed."[114]  This is incorrect.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[115] But a district court's ruling on qualified immunity on a motion to dismiss does not become law of the case for a summary judgment motion because the two motions do not raise the same issues.[116]  Though both motions require evaluating qualified immunity, "[d]ifferent 'legally relevant factors' are under consideration."[117]  At the summary judgment stage, a plaintiff can no longer rely on the well-pleaded facts and must instead proffer evidence to support the allegations.[118]

Here, the court previously ruled Bramhall alleged sufficient facts to survive dismissal of the § 1983 speedy trial claim against Gill.[119]  At the motion to dismiss stage, the court

---

[113] *See Objection* at 2, 5–6.

[114] *Objection* at 6.

[115] *Kennedy v. Lubar*, 273 F.3d 1293, 1298 (10th Cir. 2001) (internal citations and quotations omitted).

[116] *Robbins v. Wilkie*, 433 F.3d 755, 764 (10th Cir. 2006), *rev'd on other grounds*, 551 U.S. 537 (2007).

[117] *Id.* (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

[118] *See id.*; *see also Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

[119] *Order Sustaining in Part and Overruling in Part Plaintiff's Objection to Report and Recommendation* at 12–15, 32 (concluding the allegations against Gill were "specific enough at this stage to provide Gill with notice of his alleged actions").

considered the allegations in the Amended Complaint to determine if they provided enough factual allegations against Gill "to move beyond 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"[120]  Now, the issue before the court on summary judgment is whether Bramhall can "clearly demonstrate" through record evidence that Gill violated a clearly established right.[121]  The two motions raise different issues, under different standards, and accordingly the law of the case doctrine is inapplicable.[122]

**b.** **Violation of Speedy Trial Right**

Bramhall next argues Judge Oberg erred in concluding Gill is entitled to qualified immunity because the facts demonstrate he violated Bramhall's constitutional right to a speedy trial.[123]  As noted, to defeat a qualified immunity defense, a plaintiff must make a two-part showing that includes establishing "the defendant's actions violated a federal constitutional or statutory right."[124]  Bramhall asserts the facts show Gill violated his Sixth Amendment right to a speedy trial.[125]  Judge Oberg used the four-factor balancing test from *Barker* to evaluate whether there had been a violation of Bramhall's constitutional right to a speedy trial.[126]  These factors are: "(1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant."[127]  After individually analyzing each factor using the proffered facts, Judge Oberg concluded only the first

---

[120] *Id.* at 15 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[121] *See Felders*, 755 F.3d at 877–78.

[122] *See Stonecipher v. Valles*, 759 F.3d at 1148 ("The district court did not err in reevaluating whether the defendants were entitled to qualified immunity at the summary judgment stage.").

[123] *See generally Objection.*

[124] *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2003).

[125] *Amended Complaint* at 10–13.

[126] *See Barker*, 407 U.S. at 530.

[127] *Jackson v. Ray*, 390 F.3d 1254, 1260–60 (10th Cir. 2004) (citing *Barker*, 407 U.S. at 530).

factor weighed in Bramhall's favor but the remaining factors weighed against finding Bramhall's speedy trial rights were violated.[128]   Bramhall argues Judge Oberg erred by attributing the majority of the trial delays to him and failing to acknowledge his efforts to assert his speedy trial rights.[129]   The court disagrees, taking up each argument in turn.

### 1.   *The Reason for the Delay*

The second *Barker* factor is "especially important" in evaluating a delayed trial.[130]   "The burden to account for delays lies squarely with the government."[131]   Valid reasons to continue a trial "serve to justify appropriate delay" and do not weigh against either party.[132]   But "this factor weighs heavily against the defendant if his own actions were the primary cause of the delay."[133]   Actions such as continued attempts to fire counsel and frequent disagreements can weigh against the defendant.[134]   Delays sought by defense counsel also weigh against a defendant "[b]ecause the attorney is the defendant's agent when action, or failing to act, in furtherance of the litigation."[135]   This includes delays sought by counsel to evaluate their defendant's competency.[136]   Generally, even where a defendant claims the attorney's actions were contrary to the defendant's wishes, the delay is still not attributable to the government.[137]   Courts recognize

---

[128] *Report* at 17–27.

[129] *Objection* at 2, 5–6.

[130] *United States v. Larson,* 627 F.3d 1198, 1208 (10th Cir. 2010); *see United States v. Margheim*, 770 F.3d 1312, 1326 (10th Cir. 2014).

[131] *United States v. Black*, 830 F.3d 10099, 1116 (10th Cir. 2016).

[132] *See United States v. Seltzer*, 595 F.3d 1170, 1177 (10th Cir. 2010).

[133] *Margheim*, 770 F.3d at 1326 (internal citations and quotations omitted).

[134] *See Stallings v. Santistevan*, No. 21-2115, 2022 WL 2824261, at *3 (10th Cir. July 20, 2022).

[135] *See Vermont v. Brillon*, 556 U.S. 81, 90–91 (2009) (internal citation and quotations omitted).

[136] *See United States v. Stanley*, 396 F. App'x 482, 485 (10th Cir. 2010).

[137] *See United States v. Clark*, 577 F.3d 273, 283 (5th Cir. 2009); *Ashburn v. Korte*, 761 F.3d 741, 752–53 (7th Cir. 2014).

attorneys carry a professional obligation to zealously advocate for their clients and are often acting in accordance with this duty.[138]

The court concludes Judge Oberg correctly determined Bramhall was the primary cause of the majority of the delay in his case.[139]  First, based on the undisputed record facts and governing case law, all the continuances weigh against Bramhall.  Ten continuances were filed prior to trial.[140]  Nine of the ten were either filed by Bramhall's counsel or upon stipulation by both parties.[141]  Because defense counsel's actions are attributable to the defendant, these continuances do not count against the government.[142]  The one continuance joined by the government was agreed to by both sides to help Bramhall mount his defense.[143]  Thus, this continuance does not weigh against the government.[144]  Second, it is undisputed that another large portion of the delay relates to competency evaluations and restoration services, all attributable to Bramhall.[145]

The only unaccounted-for time that weighs against the government are two gaps between continuances and trial dates which are not fully explained.  The January 2015 trial date was continued on the government's motion, but the next trial date was not until March 2016, fifteen months later.  And after the March 2016 trial ended in a hung jury, the next trial was not scheduled until September 2016.  This totals approximately two years in delay caused by the

---

[138] *See Clark*, 577 F.3d at 283.

[139] *Report* at 18–22.

[140] *See Report* at 20–21 (including a chart of all the continuances and the justification).

[141] *Id.*

[142] *See Vermont*, 556 U.S. at 90–91.

[143] *Motion Exh. O* (requesting a continuance to "allow the defense to provide the State with timely notice of its expert witness").

[144] *See Ashburn*, 761 F.3d at 753.

[145] *See Stanley*, 396 F. App'x at 485.

government, in comparison to around seven years caused by Bramhall. Thus, Judge Oberg did not err in attributing the majority of the delay to Bramhall.

In Objecting to the Report, Bramhall argues he did not ask for the delays, it was his attorneys.[146] However, this argument is unpersuasive given the governing case law. He further argues he was "forced to go along with the delays" caused by his lawyers "under threat of lengthy civil involuntary confinement" if he did not comply.[147] Even assuming this is true, Bramhall does not point to record evidence to support this fact and avoid summary judgment. The two affidavits attached to Bramhall's Objection are unhelpful.[148] While Bramhall's affidavit could provide evidence to support his assertions—given he would have personal knowledge of these facts—he does not mention coercion.[149] Wagner's affidavit does claim the competency evaluations were an attempt to coerce Bramhall to comply with the government, but he has no personal knowledge of the interactions between Bramhall and counsel to support these assertions.[150]

For all these reasons, this part of Bramhall's Objection is overruled.

### 2.  Bramhall's Assertion of His Right

The third *Barker* factor looks at "whether the defendant actively asserted his right" to a speedy trial.[151] This requires a defendant do "more than merely moving to dismiss after the

---

[146] *Objection* at 2.

[147] *Id.*

[148] *See* Dkt. 129-1, *Affidavit of Plaintiff*; Dkt. 129-2, *Affidavit of Walter Wagner*.

[149] *See* Dkt. 129-1.

[150] Dkt. 129-2 at 5; *see also* Dkt. 129-2 (describing his experience as a courtroom observer and confidante of Bramhall); *Janny*, 8 F.4th at 900 (explaining that an affidavit is admissible evidence sufficient to oppose summary judgment "[s]o long as [it] is based upon personal knowledge"). Bramhall also filed an Affidavit of Calvin Andrus in support of his Objection. Dkt. 150. Andrus, like Wagner, has no personal knowledge of the events and accordingly his affidavit is unhelpful here.

[151] *United States v. Koerber*, 10 F.4th 1083, 1110 (10th Cir. 2021) (internal citations and quotations omitted).

delay has already occurred."[152]  The facts must show "the defendant's behavior during the course of litigation evinces a desire to go to trial."[153]  "If the defendant fails to demand a speedy trial, moves for many continuances, or otherwise indicates that he is not pursuing a swift resolution of his case, this factor weighs heavily against him."[154]  For example, in *United States v. Hicks*, the court concluded a defendant was not pursuing a swift resolution of his case because, despite twice asserting his speedy trial rights, he requested "several continuances and extensions of time."[155]

This factor weighs against Bramhall.  Admittedly, Bramhall filed three motions based on speedy trial violations—two in state court (2011, 2013) and one in federal court (2009).[156]  Even crediting these requests, Bramhall's behavior otherwise indicates he was not pursuing a swift resolution of his case.  Bramhall filed nine continuances through counsel, removed counsel three times, repeatedly filed pro se motions with the court when represented, and failed to comply with court orders.

Bramhall argues against this conclusion by pointing to his three filings asserting speedy trial rights and claiming the continuances were requested by his attorneys.[157]  On the first point, the court has accounted for these filings but still finds this case is comparable to *Hicks*—

---

[152] *Id.* (internal citations and quotations omitted).

[153] *Id.* (internal citations and quotations omitted).

[154] *United States v. Hicks*, 779 F.3d 1163, 1168 (internal citations and quotations omitted).

[155] *Id.*

[156] *See Motion Exhs. K, S*; Petition for Writ of Habeas Corpus, *Bramhall v. State of Utah*, No. 2:09-cv-00837-CW (D. Utah Oct. 2, 2009), ECF No.5.

[157] *Objection* at 1–2, 5–6.

Bramhall's behavior as a whole prevented a quick resolution.[158]  Bramhall fails to address many of the facts that weigh in favor of finding him responsible for the delay.[159]  As to the second point, as explained above, delays caused by Bramhall's counsel are attributable to him and they are certainly not attributable to Gill.[160]  Accordingly, Bramhall's Objection on this point is overruled.

Reviewing the Objection de novo, the court finds no error under the law of the case doctrine or in Judge Oberg's conclusions that the delays were attributable to Bramhall and his behavior did not indicate an assertion of his right to a speedy trial.

**II.     Clear Error Review on the Remainder of the Report**

Finding no clear error in the remainder of the Report, the court ADOPTS it in its entirety and GRANTS Gill's Motion for Summary Judgment on qualified immunity grounds.

**III.     Other Filings**

Nearly two months after Judge Oberg issued the Report, Bramhall filed a Motion for Mandated Court Mediation, Set Settlement Conference, Set Trial Before a Jury.[161]  In light of the court's ruling on the remaining claim, this Motion is DENIED as MOOT.

Bramhall also filed a "Response" with the court, requesting it take action against Gill's counsel for allegedly sending a false document to Bramhall purporting to be an "Order Overruling Plaintiffs Objection to Report and Recommendation."[162]  Bramhall claims sanctions

---

[158] *See* 779 F.3d at 1168.

[159] *See generally Objection.*

[160] *See Vermont*, 556 U.S. at 90–91.

[161] Dkt. 153.

[162] Dkt. 151, *Plaintiffs*[sic] *Response to the Filing by the Defendants of What Appears to be Very Disingenuous, Inappropriate, False Report, Deceptive, Communicative Fraud.*

and possible criminal charges are warranted.[163]  Bramhall provides no evidence or legal authority to support his request.  While courts liberally construe pro se plaintiff's filings, they do not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[164]  Liberally construing this document as a motion for court action, the court DENIES the Response.

## CONCLUSION

For the reasons stated above, Bramhall's Objection[165] is OVERRULED.  The court ADOPTS Judge Oberg's Report and Recommendation[166] in its entirety and GRANTS Gill's Motion for Summary Judgment.[167]  Bramhall's 42 U.S.C. § 1983 claim against Gill is DISMISSED WITH PREJUDICE.  Bramhall's Motion for Mediation[168]  on the claim and his Response[169] are DENIED.  The Clerk of the Court is directed to close the case.

SO ORDERED this 30th day of March, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[163] *Id.* at 2.

[164] *See Stallings v. Progene Biomedical IBT Reference Lab*, 203 Fed. App'x 190, 192 (10th Cir. 2006) (internal citations and quotations omitted).

[165] Dkt. 149.

[166] Dkt. 147.

[167] Dkt. 123.

[168] Dkt. 153.

[169] Dkt. 151.